## Jesse D. Jennings

### *v.*

## Fayette County.

*Filed at Mt. Vernon February 3, 1881.*

1. Compensation *of county officers—out of what fund to be paid.* Section 10 of article 10 of the present constitution, and the legislation under it, make it the duty of the county board to fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel, and other expenses, and, in all cases where fees are provided for, such compensation shall be paid *only* out of, and shall in no case exceed, the fees actually collected. The

compensation of such officers can not be increased or diminished during their term of office. All fees and allowances in excess of their compensation shall be paid into the county treasury.

2. SAME—*compensation may include expenses of the office.* Compensation of county officers may or may not include expenses of the office. It is lawful to fix a compensation that will include the expenses of the office as well as the personal services of the incumbent, but it is also lawful to fix one amount for the personal services of the officer, and another amount for the expenses of the office.

3. Where the compensation includes expenses of the office, such officer is entitled to retain the full amount allowed, if the fees actually collected equal that amount. But where one sum is allowed to the officer as compensation for services, and another sum for expenses, such officer may retain out of the fees collected the amount allowed him for his personal services, but no more of the sum appropriated for expenses than the sum actually expended for that purpose.

4. COUNTY OFFICERS—*effect of approving reports of, as to fees collected, etc.* The fact that a county board has approved of a sheriff's report that showed an amount due him after deducting all fees actually collected, imposes no obligation on the county to pay him the deficit. The balance found to be due him on his final return may be paid to him out of any fees earned by him during his term of office, when afterwards collected by his successor.

5. A county officer takes his office *cum onere*, and the county board has no power, even if willing to do so, to make up any deficiency that may exist, either for his own personal services, or for the expenses of the office, except out of fees earned by him and which shall be collected.

WRIT OF ERROR to the Appellate Court for the Fourth District;—heard in that court on error to the Circuit Court of Fayette county; the Hon. CHARLES S. ZANE, Judge, presiding.

Mr. ANTHONY THORNTON, for the plaintiff in error.

Mr. E. M. ASHCRAFT, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It appears, from the record, that Jesse D. Jennings was sheriff of the county of Fayette for one full term, from December, 1874. At the September term, prior to his election, the board of supervisors fixed the compensation of the in-

coming sheriff at the sum of $1200 per annum, and ordered that such sheriff be allowed $800 per year for "pay of deputies." While these orders were in force the sheriff elect entered upon the discharge of the duties of such office, and regularly thereafter made, as he was required to do by law, semi-annual reports of the fees of his office by him collected. His reports show, that, at the date they were made, the sheriff had not collected sufficient fees to liquidate his compensation and allowance for deputy hire for the period covered by the reports, and stated the amounts of such deficiencies.

On the 6th of March, 1878, claimant presented his account to the board of supervisors for the balance due him for deputy hire ($1600), from which he deducted two small items, leaving a balance of $1474.65. The board of supervisors disallowed the claim, but, on appeal, the circuit court allowed the full amount of such claim. That judgment was reversed by the Appellate Court, and final judgment rendered against claimant for costs. The case comes to this court on error.

As to the facts of this case, there is no disagreement. The Appellate Court seems to have placed its decision on the ground the county was not liable for any part of claimant's account, no matter whether the claim arose out of the allowances made to him for compensation, or to him "for pay of deputies." The judgment of that court was clearly right, and conforms to the construction heretofore given by this court to section 10, article 10 of the constitution.

Section 9, article 10 of the constitution, to which our attention has been directed as bearing on the decision, has exclusive application to the county of Cook, and its construction is not now involved. The rights of claimant are definitely fixed by section 10, article 10 of the constitution, and by legislation in conformity with it. That section makes it the duty of the county board to fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel, and other expenses, and in all cases where fees are provided for, such compensation shall be paid only out

of, and shall in no case exceed, the fees actually collected. The same section forbids that the compensation of such officers shall be increased or diminished during their term of office, and enjoins upon them the duty to pay "all fees and allowances" by them received in excess of their compensation, into the county treasury.

Adhering, as we do, to the definition of the word "compensation," as given in the former decisions of this court, as that word is used in the constitution and the statutes, the case presents no difficulty. It is plain the "compensation" of a county officer, where fees are provided for, must be paid out of, and can in no case exceed, the fees actually collected. That is a limitation on the county board. They can not pay such officers the "compensation" allowed to them out of any fund other than fees. "Compensation" of county officers may or may not include expenses of the office. It is not alone for the personal services of the incumbent. It is lawful to fix a "compensation" that will include expenses of the office as well as the personal services of the incumbent, as was done in *Kilgore's case,* 76 Ill. 548.

But it is also lawful for the board to fix one amount for the personal services of the officer, and another amount for the expenses of the office. This mode of fixing the "compensation" of county officers was approved in *Wheelock* v. *The People,* 84 Ill. 551, and in *Cullom* v. *Dolloff,* 94 id. 330. Where the compensation includes expenses of the office, such officer is entitled to retain the full amount allowed, if the fees actually collected equal that amount. But where one sum is allowed to the officer, another sum for expenses, such officer may retain out of the fees collected the amount allowed to him for his personal services, but no more of the sum appropriated for expenses than the sum actually expended for office expenses. This was expressly decided in *Cullom* v. *Dolloff,* *supra.* Had the board, in this case, fixed the compensation of the sheriff at $2000 per annum, and provided it should be in full of all expenses of the office, including "pay of deputies,"

there would be no question it could only be paid out of fees actually collected. No obligation would rest upon the county to make up the deficit that might remain after exhausting the fees of the office. What possible difference can it make whether the board fixed one sum for the services of the officer and another sum for office expenses, or one sum for both? In either case the allowances can only be paid out of fees actually collected. The incumbent takes the office *cum onere.* The constitutional inhibition is absolute, the "compensation" allowed by the board, whether it includes expenses of the office or not, shall, in no case, exceed the fees of the office actually collected, and the county has no power, if willing so to do, to make up any deficiency that may exist. All the county board intended to do, by its orders, was to give the sheriff a compensation of $1200 a year, and so much as might be necessary of an additional sum of $800 for "pay of deputies," if a sufficient sum for that purpose could be realized from the fees and emoluments of the office, but not otherwise. Any contract to do more, on the part of the county, would have been without authority of law, and of no binding obligation.

Great stress is laid on the fact the county board approved of the sheriff's report that showed an amount due him after deducting all fees actually collected. That fact imposed no obligation on the county. It was the duty of the board to audit and examine such reports.

The statute has expressly provided, "if there shall be any balance of salary due and unpaid to any such officer at the time of making the last return, at the close of his term of office, and there be not a sufficient amount of fees collected by such officer, remaining in the county treasury, to pay such balance, it shall be paid to him out of the fees earned by him during his term of office, when afterwards collected by his successor."

It was, therefore, eminently proper the board should examine the reports of the sheriff, and, if found correct, approve the same, so that if a fund should thereafter accumulate in

the county treasury, out of which the balance due him could be paid, it might be known what amount he would be entitled to receive. The evidence shows claimant earned more fees during his term of office than would be sufficient to pay the sum allowed him for personal services and the additional sum allowed for the "pay of deputies." Should these fees be collected by his successor in office, and be paid into the county treasury, they would constitute a fund out of which he might be paid the sum his last report shows he would be entitled to receive. But if such fees are not collected, there is no fund out of which he could be paid.

The judgment will be affirmed.

*Judgment affirmed.*