## THE COUNTY OF COOK

*v.*

## WILLIAM J. HARTNEY.

*Opinion filed November 8, 1897.*

1. CONSTITUTIONAL LAW—*provisions of section 9 of article 10 apply to Cook county only.* Section 9 of article 10 of the constitution, which refers to the compensation of Cook county officers named therein, has application exclusively to the county of Cook.

2. SAME—*section 10 of article 10 does not affect Cook county officers named in section 9.* The provisions of section 10 of article 10 of the constitution cannot be read into section 9 of the same article, so as to affect in any manner the Cook county officers mentioned in the latter section.

3. SAME—*section 9 of article 10 does not limit compensation of deputies and assistants to fees actually collected.* Under section 9 of article 10 of the constitution the salaries of the clerks of courts, treasurer, sheriff, coroner and recorder of deeds in Cook county must be paid out of the fees of their respective offices. But this does not apply to the salaries of deputies and assistants of such officers.

4. COUNTIES—*Cook county commissioners may employ deputies and assistants for recorder of deeds.* By the provisions of section 9 of article 10 of the constitution, sections 23, 24, 25 and 26 of the act on counties, (Rev. Stat. 1874, pp. 306, 307,) section 61 of the same act as amended in 1887, (Laws of 1887, p. 150,) and section 31 of the act on fees and salaries as amended in 1887, (Laws of 1887, p. 186,) the county commissioners of Cook county have power to provide and pay for the services of deputies and assistants for the recorder of deeds for Cook county.

APPEAL from the Circuit Court of Cook county; the Hon. FRANK BAKER, Judge, presiding.

This is an action of assumpsit, brought by the appellee against the appellant to recover certain compensation claimed to be due to the appellee, as an assistant and deputy of the recorder of deeds of Cook county. The declaration alleges, that the number of assistants and deputies of said recorder was determined by the circuit court of Cook county; that, among such assistants and deputies, were five assistant tract index posters; that the

compensation of such assistant tract index posters was
fixed by the board of county commissioners at the sum
of $91.66 per month; that plaintiff was employed by said
county as one of said assistant tract index posters, and
entered upon such employment, and was so employed
from February 1, 1896, up to and including December 6,
1896; that plaintiff was discharged by defendant on De-
cember 6, 1896; and that defendant refuses to pay plain-
tiff for his services so rendered for November, 1896, and
the first six days of December, 1896. The defendant filed
a plea of non-assumpsit. By agreement of the parties a
jury was waived, and the cause was tried before a judge
of the circuit court without a jury. A stipulation was
made as to the facts in the case, about which there was
no dispute. The defendant below, the county of Cook,
submitted to the trial court eight propositions to be held
as law in the decision of the case, all of which except the
second were refused and marked "refused." The trial
court found the issues in favor of the plaintiff below, and
assessed his damages at the sum of $96.21. Upon this
finding judgment was entered in favor of the plaintiff for
$96.21, and for costs against the defendant. As the case
involves the construction of a provision of the constitu-
tion, it has been brought by appeal to this court.

The agreed state of facts shows that the averments in
the declaration are true. Plaintiff was employed in the
office of said recorder as assistant tract index poster, from
January 1, 1896, to December 6, 1896, at a fixed monthly
salary of $91.66. There is due plaintiff on account of sal-
ary for November, 1896, $77.91, and for the first six days
of December, 1896, $18.30, making a total of $96.21. The
number of deputies and assistants of said recorder for the
fiscal year 1896, being the calendar year of 1896, was de-
termined by rule of the circuit court duly entered of rec-
ord on December 24, 1896, in accordance with section 9 of
article 10 of the constitution. The recorder was thereby
authorized to employ among others five assistant tract

index posters, the monthly compensation of each of whom was determined by the board of county commissioners for said year in the annual appropriation bill, adopted by said board at its regular meeting held on January 16, 1896, at the sum of $91.66.

The stipulation of facts shows, that, at the close of the term of office of Samuel B. Chase, recorder of Cook county, there was a deficit of $12,656.72, over and above the amount of fees turned over by him as recorder to the county. This deficit is admitted to be the amount of the unpaid salaries of the recorder's deputies and clerks, including the appellee. The stipulation also shows, that the offices of the county treasurer, county clerk and clerk of the county court, and clerks of the circuit, Superior and probate courts in said Cook county, earned respectively a large amount over and above their expenses during said year, such surplus amounting in the aggregate to $463,956.22.

ROBERT S. ILES, County Attorney, (FRANK L. SHEPARD, Assistant, of counsel,) for appellant:

Counties are involuntary political or civil divisions of the State, created by general statute. The constitution and the statutes confer upon them all the powers they possess, prescribe all the obligations they owe and impose all the liabilities to which they are subject. Dillon on Mun. Corp. sec. 10 *a; Symonds* v. *Clay County,* 71 Ill. 225; *Fayette County* v. *Jennings,* 5 Ill. App. 614.

A county has no power not expressly conferred or necessary to the exercise of the power so conferred, and is bound by no obligations not expressly imposed or which necessarily result from the powers expressly conferred or the duties expressly imposed. *Hardin County* v. *McFarlan,* 82 Ill. 138; *Scales* v. *King,* 110 id. 456; *Hollenbeck* v. *Winnebago County,* 96 id. 148; *Symonds* v. *Clay County,* 71 id. 355; *Madison County* v. *Bremer,* 13 Ill. App. 599; *Fayette County* v. *Jennings,* 5 id. 614; *Harris* v. *Whiteside County,* 105 Ill. 445.

A public officer derives all his powers from and his duties are prescribed by the statutes, and all persons who deal with him in public affairs are bound to take notice of the limitations upon his powers and duties. *Tamm* v. *Lavalle,* 92 Ill. 263.

In the adoption of a constitution the people are presumed to have understood its provisions as expressed by the language used, and therefore its provisions are to be interpreted according to the usual and accepted meaning of the words employed in expressing its terms. *Springfield* v. *Edwards,* 84 Ill. 626; *Wall* v. *People,* 88 id. 75; *Wilcox* v. *People,* 90 id. 186; *Railway Co.* v. *People,* 123 id. 467; *Beardstown* v. *Virginia,* 76 id. 34.

The constitution is not a grant of legislative power, but a limitation upon that power. *People* v. *Marshall,* 1 Gilm. 672; *People* v. *Wilson,* 15 Ill. 388.

There is no legal obligation resting upon the county to pay a deputy or to refund to the sheriff money paid to him. The constitution imposes no such burden upon the county. *Fayette County* v. *Jennings,* 5 Ill. App. 614.

Section 10 of article 10 of the constitution has been construed by the court as excluding the possibility of the expenses of a fee office becoming a charge upon the county. *Jennings* v. *Fayette County,* 97 Ill. 419.

The statute forbids the re-payment to a county official, out of the county treasury, any amount in excess of the fees previously paid in by him, on account of salary found to be due. Rev. Stat. sec. 51, chap. 53.

DARROW, THOMAS & THOMPSON, for appellee:

Section 9 of article 10 of the constitution refers exclusively to officers of Cook county, and officers elected in the other counties are not affected by its provisions. *Jennings* v. *Fayette County,* 97 Ill. 419.

Where a law is plain and unambiguous, whether it be expressed in general or limited terms, the legislature should be intended to mean what they have plainly ex-

pressed, and consequently no room is left for construction. Possible or even probable meanings, when one is plainly declared in the instrument itself, the courts are not at liberty to search for elsewhere. Cooley's Const. Lim. 55.

The power of the county to provide for the compensation of the necessary clerks and their assistants to be employed in the various offices is not limited by section 9 of article 10 of the constitution.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The contention of appellant is, that the fees earned and accounted for by Samuel B. Chase, as recorder, were not sufficient to fully pay the salaries of his clerks and deputies for the year 1896, and that, for that reason, and because of certain alleged constitutional restrictions, the county of Cook is not liable to appellee. Appellant claims, that the relation of employer and employee never existed between the county and the appellee; that there was no express contract of employment; and that, as the county is not liable for an implied assumpsit, appellee has no recourse against the county, but only against the recorder individually if he has any claim at all. In order to charge the county with such services performed by an assistant of the recorder as are here involved, it must appear that the county of Cook was authorized, either by the constitution, or by some statute, to employ assistants and deputies of the recorder, and to pay them for their services.

The determination of the questions presented by the record depends largely upon the construction to be given to section 9 of article 10 of the constitution. By the refusal of the propositions of law submitted by the appellant in the trial court, that court held, that the county was liable to pay the appellee for his services, notwithstanding the fact that the fees earned by the recorder's office for the fiscal year, 1896, as the same were reported

by the recorder to the county board, were insufficient to pay the compensation, due to appellee and the other assistants of the recorder, amounting to the deficit above named.

Section 9 of article 10 of the constitution is as follows: "The clerks of all the courts of record, the treasurer, sheriff, coroner and recorder of deeds of Cook county shall receive, as their only compensation for their services, salaries to be fixed by law, which shall in no case be as much as the lawful compensation of a judge of the circuit court of said county, and shall be paid, respectively, only out of the fees of the office actually collected. All fees, perquisites and emoluments (above the amount of said salaries) shall be paid into the county treasury. The number of the deputies and assistants of such officers shall be determined by rule of the circuit court to be entered of record, and their compensation shall be determined by the county board." (1 Starr & Cur. Stat. p. 158).

This section has exclusive application to the county of Cook. (*Jennings* v. *Fayette County*, 97 Ill. 419). Section 9, as above quoted, is the only section, which has reference to the compensation to be paid to the Cook county officers named therein. Section 10 of said article 10 provides, "that the county board, except as provided in section 9 of this article, shall fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel and other expenses, and in all cases where fees are provided for, said compensation shall be paid only out of, and shall in no instance exceed, the fees actually collected." (1 Starr & Cur. Stat. p. 158). By the use of the words, "except as provided in section 9," the provisions in section 10 can only apply to Cook county, so far as section 10 concerns officers not embraced in section 9. Section 10 does not in any way affect the officers named in section 9. (*Wulff* v. *Aldrich*, 124 Ill. 591).

There is nothing in the language of section 9, which restricts the compensation to be paid to the deputies and

assistants of the officers therein named to the fees actually earned by the office for the current year. Such a restriction exists in regard to the compensation to be paid to the clerks employed by the county officers referred to in section 10. The county officers referred to in section 10 receive such compensation as is fixed by the county board; and their fees and the fees of their employees can only be paid out of, and can in no instance exceed, the fees actually collected, where fees are provided for. (*Jennings* v. *Fayette County, supra*). But, by the terms of section 9, the officers therein named, including the recorder of deeds of Cook county, receive as their only compensation for their services, salaries to be fixed by law. The salaries of the officers named in section 9 are fixed by act of the legislature, and not by the county board. The salaries of the recorder of Cook county, and of the other officers named in section 9, are required by that section to be paid only out of fees of the office actually collected. But it is only the payment of the salaries of the recorder and the other officers, which is restricted to the fees of the offices actually collected. The section requires all fees, perquisites and emoluments, above the amount of said salaries, to be paid into the county treasury. It does not require, that all fees, perquisites and emoluments above the amount of the salaries of said officers and also above the compensation due to the assistants and deputies of said officers, be paid into the county treasury. The officers named in section 9 are not authorized to retain any more out of the fees, perquisites and emoluments, earned by their offices, than is necessary to pay the amount of their own salaries. All the rest of their earnings must be paid into the county treasury. Section 9 only contains two provisions in regard to the deputies and assistants of the officers named in that section; the first is, that the number of such deputies and assistants shall be determined by rule of the circuit court; the second is, that the compensation of such deputies and assist-

ants shall be determined by the county board. But while the section provides for determining the number of such deputies and assistants and the amount of their compensation, it is silent as to the mode in which such compensation is to be paid, and as to the fund out of which it is to be paid. The provisions of section 10 cannot be read into section 9, as the two sections refer to different classes of officers.

Cooley, in his work on Constitutional Limitations (6th ed. p. 69) lays down the following rule: "Where a law is plain and unambiguous, whether it be expressed in general or limited terms, the legislature should be intended to mean what they have plainly expressed, and consequently no room is left for construction. Possible or even proper meanings, when one is plainly declared in the instrument itself, the courts are not at liberty to search for elsewhere." In *City of Springfield* v. *Edwards*, 84 Ill. 626, we said (p. 632): "In considering what construction shall be given to a constitution or a statute, we are to resort to the natural signification of the words employed, in the order and grammatical arrangement in which they are placed, and if, when thus regarded, the words embody a definite meaning, which involves no absurdity and no contradiction between different parts of the instrument, then such meaning is the only one we are at liberty to say was intended to be conveyed."

The principles of construction thus announced should be applied in order to ascertain the meaning of section 9. That section clearly provides, that the salaries of the various county officers mentioned therein, being certain of the elective officers created by the preceding section 8, shall be paid only out of the fees of the offices actually collected. The framers of the constitution will be intended to have meant what they have thus plainly expressed. If it had been the intention to make the compensation of the deputies and assistants of such officers payable only out of fees of the offices actually collected, section 9

would have contained such a restriction. When section
9 was adopted, the subject of such deputies and assist-
ants, so far as their number and their compensation were
concerned, was in the minds of the framers of the section.
The very fact, that they did not place in the section any
requirement that the compensation of such deputies and
assistants should be paid out of the fees of the offices
actually collected, while at the same time they required,
that the salaries of the officers themselves, as fixed by
law, should be paid only out of such fees, indicates an
intention to make a difference between the manner of
compensating the assistants and deputies, and that of
compensating the officers themselves. The words em-
ployed in section 9, when given their natural significa-
tion, embody a definite meaning. That meaning is, that
the salaries of the recorder, and the other officers named
in section 9, are to be paid only out of the fees of the
offices actually collected, but that the compensation of
the deputies and assistants of such officers is not to be
limited exclusively to such fees as the source of their
payment.

But it is said, that section 9 is not a constitutional pro-
vision which executes itself, and that there is no legisla-
tion passed in pursuance of that section, which authorizes
the county board to pay for the services of the assistants
and deputies, employed by the recorder of deeds of Cook
county. We do not assent to the correctness of this con-
tention. Section 8 of article 10 of the constitution pro-
vides for the election of a recorder of deeds in counties
having sixty thousand and more inhabitants. (1 Starr &
Cur. Stat. p. 157). It would be useless to provide for the
election of a public officer, without further providing for
the compensation of such assistants as would be neces-
sary to perform the duties of his office. Accordingly, we
find that section 4 of chapter 115 of the Revised Statutes,
in relation to recorders, provides as follows: "Each re-
corder may appoint one or more deputies, not exceeding

the number allowed to them as provided by the constitution of this State." The general provisions of chapter 34 of the Revised Statutes in relation to counties, which defines the powers of counties and of county boards, are sufficient to authorize the payment by such county boards of the compensation due to the deputies and assistants of the recorders for their services. Section 23 of the latter act provides, that the powers of the county in the county of Cook shall be exercised by a board of county commissioners in pursuance of section 7 of article 10 of the constitution. Section 24 provides, that each county shall have the power "to make all contracts and do all other acts in relation to the property and concerns of the county, necessary to the exercise of its corporate powers." Section 25 provides, that the county boards of the several counties shall have power "to manage the county funds and county business, except as otherwise specifically provided; to examine and settle all accounts against the county, and all accounts concerning the receipts and expenditures of the county; * * * to cause to be annually levied and collected taxes for county purposes." Section 26 of the same act makes it the duty of the county board to provide proper rooms and offices for the accommodation of the county board, county clerk, county treasurer, recorder, sheriff, and the clerks of the courts of record of said county, and to provide suitable furniture therefor, and to provide and keep in repair suitable fireproof safes or offices for the county clerk, county treasurer, recorder and sheriff and clerks of the said courts. (1 Starr & Cur. Stat. pp. 652-656).

Section 61 of said act in regard to counties, as amended in 1887, provides, that the board of commissioners of Cook county may exercise the same powers, perform the same duties and be subject to the same rules, regulations and penalties prescribed by law for the board of supervisors in other counties, except as otherwise provided; that said board shall, within the first quarter of each fiscal

year, adopt a resolution, to be termed the annual appropriation bill, in and by which it shall appropriate such sums of money as may be necessary to defray all necessary expenses and liabilities of said Cook county; and that said bill shall specify the several objects and purposes for which such appropriations are made, and the amount appropriated for such object or purpose; that nothing in the act shall be construed to deprive the board of power to provide for and cause to be paid from the county funds any charge upon said county imposed by law, without the action of the board of commissioners, including fixed salaries of officers required by law to be paid from the county treasury, and to pay juror's fees, and other charges fixed by law; and that the salaries or rate of compensation of all officers and employees of said county, when not otherwise provided by law, shall be fixed by the board of commissioners. (3 Starr & Curtis' Stat. pp. 307, 308).

Section 31 of chapter 53 of the Revised Statutes in regard to fees and salaries, which was amended in 1887, provides, that the clerks of all the courts of record, the treasurer, sheriff, coroner and recorder of deeds of Cook county, shall receive, as their only compensation for their services, certain salaries, and also contains the following provision: "Deputies and assistant clerks shall be employed under the direction of the board of commissioners for said county, and shall be paid a salary to be fixed by said board."

The statutory provisions thus referred to in chapters 34 and 115, taken in connection with said section 31 of chapter 53, confer upon the board of commissioners of Cook county the power to provide and pay for the services of appellee, as a deputy and assistant of the recorder of the county.

We are, therefore, of the opinion, that the circuit court gave the proper construction to section 9 of article

10 of the constitution, and committed no error in refusing the propositions submitted by appellant which were marked refused.

Accordingly the judgment of the circuit court is affirmed.

*Judgment affirmed.*