CORNELIUS J. MCAULIFFE, Plaintiff in Error, *vs.* WILLIAM L., O'CONNELL, County Treasurer, *et al.* Defendants in Error.

*Opinion filed February 20, 1913—Rehearing denied April 12, 1913.*

1. CONSTITUTIONAL LAW—*section 10 of article 10 of constitution does not apply to salaries of county civil service commissioners.* Section 10 of article 10 of the constitution, authorizing the county board, except as provided in section 9, to fix the compensation of county officers, applies only to the compensation of officers elected under the provisions of the constitution and not to officers thereafter created by the legislature, and said section does not, therefore, apply to county civil service commissioners, and it is within the power of the legislature to fix their compensation.

2. SAME—*whether whole act is void because amendment was not printed depends upon character of the amendment.* Whether the failure of the journal to show that a certain amendment was printed renders the whole act or merely the amendment void, depends upon the question whether the amendment is so blended with the remainder of the bill that it cannot be presumed the legislature would have passed the bill without the amendment.

3. SAME—*County Civil Service act of 1911 is unconstitutional.* Failure of the journal of either house to show that the conference committee amendments to section 11 of the County Civil Service act of 1911 (Laws of 1911, p. 199,) were ever printed renders the entire act void, as said section 11 is so inseparably connected with the remainder of the act and the amendments thereof are so material that it cannot be presumed the legislature would have passed the bill without said section, or with such section but without the amendments.. (*Neiberger* v. *McCullough,* 253 Ill. 312, followed.)

WRIT OF ERROR to the Superior Court of Cook county; the Hon. WILLIAM E. DEVER, Judge, presiding.

EDGAR L. MASTERS, for plaintiff in error.

FRANCIS S. WILSON, County Attorney, and WILLIAM F. STRUCKMANN, for certain defendants in error.

LEBOSKY & PLUMB, and GUSTAVUS J. TATGE, for defendants in error Frederick C. Greer and Gustavus J. Tatge, civil service commissioners.

Mr. Justice Carter delivered the opinion of the court:

This is a bill filed in the superior court of Cook county by Cornelius J. McAuliffe against the county treasurer, county clerk and three persons acting as civil service commissioners of said county, to enjoin the payment of salaries of said county civil service commissioners and their assistants and the payment of moneys for the maintenance of the office of said commissioners, on the ground that the Civil Service act in force July 1, 1911, (Laws of 1911, p. 199,) is unconstitutional. Defendants in error filed answers, alleging, first, that the law is not unconstitutional; and second, that even though said law is unconstitutional, nevertheless said civil service commissioners were legally appointed under a former law whose constitutionality is not questioned. A general replication was filed and hearing had before the court. The chancellor held the law constitutional and dismissed the bill for want of equity. This writ of error was then sued out.

The first question insisted upon by defendants in error in this court is, that it is unnecessary to decide as to the validity of said Civil Service act; that even though this law is unconstitutional, the county board had the right to appoint said commissioners under a former Civil Service act. (Hurd's Stat. 1911, sec. 61, p. 633.) It appears that the commissioners' salaries under the act the constitutionality of which is questioned, are larger than under the earlier act. Counsel for defendants in error, however, contend that the fixing of the amount of salary in either of these acts must be held as mere surplusage, as the county board, under section 10 of article 10 of the constitution of 1870, is charged with the sole responsibility of fixing the compensation of all county officers, except as provided in section 9 of said article; that this section was so construed by this court in *Wulff v. Aldrich,* 124 Ill. 591. The decision in the case just referred to, in our judgment, does not

apply to these civil service commissioners. In that opinion
the court was referring to elective officers created by the
constitution. In construing section 11 of the same article,
we held in *Union County* v. *Patton,* 63 Ill. 458, that the
words "compensation herein provided" had reference only
to elective officers mentioned in said section 10. Reading
section 10 in connection with the remainder of the consti-
tution, it is quite evident that in said section the consti-
tutional convention was referring to the compensation of
officers elected under the provisions of the constitution and
not to officers thereafter created by the legislature. This
court has held, in construing said section 10, that it did
not refer to "an office created by the legislature." (*Peo-
ple* v. *Chetlain,* 219 Ill. 248.) County civil service com-
missioners were not known to the law at the time the
constitution of 1870 was adopted. The conclusion neces-
sarily follows that the legislature has the power of fixing
their salaries. A consideration of the constitutionality of
said Civil Service act of 1911 is therefore necessary to the
decision of this case. What is here said does not in any
way refer to the power of the county board to fix the com-
pensation of the deputies or assistants of elective officers
created by the constitution.

The constitutionality of said act is questioned on the
ground that the act, with all of its amendments, was not
printed in both houses before its passage, as the constitu-
tion requires, under the ruling of this court in *Neiberger*
v. *McCullough,* 253 Ill. 312. It appears from the house
journal introduced in the trial court that the original bill,
which after amendment became said Civil Service law, was
first introduced in the house, there "read by title, ordered
printed" and referred to a committee, reported back from
the committee, read the first time and on second reading
many amendments were offered, the journal as to most, if
not all, of such amendments reading to this effect: amend

said bill on a certain page "of the printed bill" by striking out or adding words, as the case might be; that thereafter the amendments were ordered printed and the bill engrossed for a third reading. Later the journal shows that said bill "having been engrossed and all amendments adopted thereto having been printed," was taken up, read at large a third time, passed and then sent to the senate. The journal of the senate, which was introduced, shows that on the reception of this house bill as amended it was taken up, read at large, "ordered printed" and referred to its proper committee; that after being reported from the committee it was ordered "printed with the amendments." The journal of the senate further shows that the bill as amended, "having been printed," was read at large the third time and passed. The journals of the house and senate show that the house refused to concur in the amendments proposed by the senate, and a conference committee was appointed, composed of three members from each house, which reported to the respective houses, recommending that the house concur with the senate in eighteen of the twenty senate amendments, and it further recommended that the senate recede from its amendment No. 20 and modify its amendment No. 18. These recommendations of the conference committee were approved by an aye and nay vote of each house, but the journals of both houses fail to show that the amendments proposed by said conference committee were ever printed, or ordered to be printed, in either house.

The requirements of the constitution as to printing bills and amendments and showing the same in the journals of the house or senate have been considered at length in *Neiberger* v. *McCullough, supra.* The failure of the journal to show that any amendment was printed, necessarily, under the holding in the *Neiberger case, supra,* renders that amendment void. Whether it renders void the entire bill

and all other amendments will depend upon whether the amendment that was not printed is so blended with and a part of the rest of the bill that it cannot be presumed the legislature would have passed the remainder of the bill without such amendment. *People* v. *Olsen,* 222 Ill. 117, and cases cited; *Briggs* v. *People,* 50 N. Y. 553.

Both of the amendments embodied in the conference committee report, neither of which was printed, attempted to amend section 11 of the act in question. That section as it passed the senate, as amended before the conference committee was appointed, reads as follows:

"Sec. 11. *Exemptions from the classified service.*—The following offices and places of employment, in so far as there are or may be in such counties, shall not be included within the classified civil service, namely: All elective officers; all officers whose appointment is provided for by the constitution; judges and officers appointed by judges of any court; the county attorney and assistant county attorneys; the superintendent of public service; judges and clerks of elections; one assistant sheriff, a chief deputy and a confidential clerk or private secretary, and all attorneys employed by him for each elective official; all assistant State's attorneys in the State's attorney's office and the attorney for the civil service commission, [here are enumerated other officials:] *Provided, however,* that officers and employees of any election commission in such county shall be included in said classified civil service: *Provided, further, however,* that any position or office in this section mentioned which is now under civil service shall remain in and be included in the classified civil service."

This last proviso was amendment No. 20 of the senate, from which the conference committee recommended that the senate recede and in place of that proviso recommended inserting the following: *"Provided, however,* that any person or persons now holding any office or position, which

office or position is now in the classified civil service, shall not be affected by the exemptions herein provided for, but shall remain and be included in the classified civil service." This proviso, as a part of the conference report, was adopted, but the journals of both houses fail to show that it was ever printed. The conference committee further recommended that the word "him" in the said above section, after the words "all attorneys employed by," be stricken out, and that the word "jailer" be inserted in said section before the words "one assistant sheriff, a chief deputy," etc. This recommendation of the conference committee was adopted by both houses, but neither journal shows that these amendments were ever printed.

Counsel for defendants in error argue that the amendments in the conference report are so separate and distinct from the rest of section 11 that they could be stricken out and the remainder of the section be so complete in itself and capable of execution, in accordance with the apparent legislative intent, that such remainder could be sustained as constitutional. They argue, further, if the court should hold that the amendments not printed were so blended with section 11 as to invalidate the entire section, that said section is so independent of and separate from the rest of the act that it could be held invalid and rejected and the residue of the act be held constitutional. We cannot agree with counsel on either of these points. Section 11, as it read both before and after it was amended, is such a part of the entire act,—so connected with and dependent upon the residue of the act,—that we find it impossible to reach the conclusion that the legislature would have enacted said law without said section 11. The proviso added by the conference committee amendment is a very vital and essential part of section 11. It is so related to and connected with the meaning and purpose of said section, as well as with the entire act, as to warrant the belief that the legislature

intended it as a necessary part of said section and would not have passed said section or act without this proviso as a part thereof. The proviso is not so separate and distinct from the residue of the section, and of the entire act, that it can be stricken out, leaving that which remains so complete in itself that it can be executed in accordance with the legislative intent, wholly independent of the rejected part. If the amendments found in the conference committee's report were not constitutionally passed, section 11 and the entire act must fall with them.

The writer of this opinion did not agree with the conclusions reached in *Neiberger* v. *McCullough, supra,* when that case was decided, and stated his views at length in a dissenting opinion. However strongly he may have disagreed with the construction then placed upon certain provisions of the constitution, the rules as to the passage of laws by the legislature as there laid down have since been followed by this court and have now become the settled law of this State. That case, on its facts and the law applicable thereto, cannot be distinguished from the one now under consideration. Under its reasoning, the failure to print in the journal of either house the amendments recommended by the conference committee compels us to hold that the law here in question was not enacted in accordance with the constitutional requirements. The trial court erred in dismissing the bill for want of equity.

The decree of the superior court is reversed and the cause remanded to that court, with directions to enter a decree in accordance with the views herein expressed.

*Reversed and remanded, with directions.*