(No. 30450.

ALBERT NICHOLAS SOMMERS, Appellant, *vs.* JOSEPH PATTON *et al.*, Appellees.

*Opinion filed March 18, 1948.*

542

DRACH & HOWARTH, of Springfield, for appellant.

LONDRIGAN & LONDRIGAN, and HUGH J. GRAHAM, JR., both of Springfield, (JOSEPH F. BARTLEY, SR., of Peoria, of counsel,) for appellees.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

Plaintiff, appellant, a citizen and taxpayer of the city of Springfield, and a fireman on the Municipal Fire Department of Springfield, acting for himself and others similarly situated, filed a complaint in the circuit court of Sangamon County, for the apparent purpose of testing the validity of the 1947 amendments to the Firemen's Pension Fund Act for cities of 5000 to 200,000 inhabitants, (Ill. Rev. Stat. 1947, chap. 24, pars. 918-930.1 incl.,) which amendments became effective July 24, 1947. The sections amended were 1, 3, 4, 5, 6, 7 and 12; section 14 was added. (Ill. Rev. Stat. 1947, chap. 24, pars. 918, 920, 921, 922, 923, 924, 929 and 930.1, respectively.) The defendants were the trustees of the firemen's pension fund of the city of Springfield, who had been chosen under the provisions of section 2 of the act, (Ill. Rev. Stat. 1947, chap. 24, par. 919,) and the mayor and city commissioners of Springfield. The complaint prayed that the amendments be declared unconstitutional for the reasons alleged and that the defendants be enjoined from levying any tax and from making certain disbursements under the purported authority of the act as amended. The circuit court found

that the amendments were not subject to the constitutional objections urged against them, granted a portion of the injunctive relief sought, and dismissed the complaint as to the balance of the relief prayed. Plaintiff here brings an appeal from the portion of the decree denying him relief, while the trustee-defendants have filed a cross appeal from the portion which granted injunctive relief.

The payment of pensions to firemen of cities having a population of not less than 5000 nor more than 200,000 inhabitants has for many years been governed by the Firemen's Pension Fund Act filed July 11, 1919, (Ill. Rev. Stat. 1919, chap. 24, pars. 403-410,) as amended from time to time. Immediately prior to the 1947 amendments, the act provided that firemen, in cities having a pension fund, contribute 1 per cent (in Peoria 2 per cent) of their monthly wages to the fund. The municipalities subject to the act were authorized to levy a tax of not less than .0075 per cent nor more than .025 per cent of the value of all taxable property in cities of 5000 to 100,000 inhabitants; and a tax of .02 per cent to .04 per cent in cities of 100,000 to 200,000 inhabitants. Such taxes were to be added to the other sources of income to provide sufficient money to administer the fund. Due to a variation of the tax base, even in municipalities of the same population, the application of a uniform rate to all municipalities resulted in a lack of sufficient funds in some cities, to properly administer the act and pay the obligations provided therein. To meet this objectionable feature, section 3 was amended in 1947, to provide that all firemen contribute 5 per cent of their monthly pay to the fund. Section 1 was amended to allow corporate authorities to levy a tax at a rate on the dollar of all taxable property which will produce an amount which, when added to the salary deductions of the firemen and all other receipts, will equal a sufficient sum to meet the annual requirements of the pension fund under the provisions of the act.

Appellant contends that the tax authorized by section 1 as amended, violates sections 9 and 10 of article IX of the State constitution which prohibits the legislature from imposing taxes on a municipality for local or corporate purposes without the consent of the corporate authorities. With one exception the arguments advanced are those which were considered in the case of *Board of Trustees* v. *Comrs. of Lincoln Park*, 282 Ill. 348. In that case the act under consideration authorized a tax to be levied "at the rate on the dollar of all such taxable property which, when added to the deductions from the salary or wages of policemen and receipts available· from all other sources * * * will amount to a sufficient sum to meet the annual requirements" etc. There followed specific provisions limiting the tax to "1-25th of a mill on the dollar" for the South Park Commissioners; 1-10th of a mill for West Chicago Park Commissioners, and 1-17th of a mill for the Lincoln Park Commissioners. We held that police officers of a municipality perform public or governmental duties even though acting within prescribed municipal territorial limits, and that the legislature could delegate to a municipality authority to levy a tax to pay such officers' salaries or to create a pension fund for such officers or their dependents without violating sections 9 and 10 of article IX of the constitution. That such a power could be extended to provide for firemen as well as policemen needs no discussion, and the only remaining point to be considered is whether section 1 as amended is unconstitutional because it fails to place a limit on the rate at which cities may levy a tax to provide for the firemen's pension fund.

The power to authorize the levy of taxes by the State and the different political subdivisions thereof is inherent in the sovereign, except insofar as such authority is limited by the constitution. The sovereign speaks through the legislature, and while the legislature may not directly levy a tax, it may grant to the different municipalities the power

to levy such tax and at such rates as in its discretion are proper, restrained only by the inhibitions of the constitution. (*People ex rel. McDonough* v. *Mills Novelty Co.* 357 Ill. 285; *People ex rel. Moshier* v. *City of Springfield,* 370 Ill. 541.) As previously discussed, there is no constitutional provision which prohibits the levy of a tax to provide for a firemen's pension fund. We find no provision in the constitution, or language subject to the interpretation, that the legislature must impose a tax limitation on municipalities in such cases. The interpretation of the constitution has been that the legislature "may grant to the different municipalities the power to levy such tax and at such rates as in its discretion are proper." The 1947 amendment to section 1 of the act here in question provides that the municipality may levy a tax "at a rate on the dollar * * * which will produce an amount which, when added to the deductions from the salaries or wages of firemen and receipts available from all other sources as hereinafter referred to, will equal a sufficient sum to meet the annual requirements of the pension fund under the provisions of this Act." The same section provides that corporate authorities may dispense with the levy of such tax if the pension fund, over and above the reserve fund, is sufficient to meet all demands of those requiring payment from the pension fund.

By such terms the municipality can levy only the amount necessary to meet annual requirements. Funds in excess of that amount are not authorized. The legislature in its discretion has seen fit to impose a limitation by words rather than by figures. We find no constitutional rule which demands that a numerical limitation be placed on the power to tax. This court cannot question the wisdom of the act or the lack of it. The only question we may pass upon is the power of the legislature to pass the act. (*People* v. *City of Springfield,* 370 Ill. 541.) That the legislature has the power to pass such an act delegating

authority to tax has been determined. We find no provision of the constitution which prohibits the delegation of the power in the manner done here, and thus its validity must be sustained and appellant's objections in this respect held for naught.

The next contention of plaintiff is that section 12 of the act as amended violates section 9 of article IX of the constitution, because it unlawfully delegates the taxing power to persons other than corporate authorities. This argument is based on the provision of section 12 which provides that the board of trustees "prior to the meeting of such council held for the purpose of levying taxes * * * shall certify to said city council * * * the estimated amount required" to carry out the provisions of the act. In support of this point plaintiff places great reliance on the case of *People ex rel. Gallenbach* v. *Franklin,* 388 Ill. 560, wherein we held the Firemen's Annuity and Benefit Fund Act of 1943 to be unconstitutional because it delegated the power of taxation to other than corporate authorities. The act in that case created a supervisory board which was elected at an annual convention of representatives of firemen from cities subject to the act. Each city also had its own local retirement board. Based on the recommendation of the local boards, the supervisory board was empowered to determine the amount of contribution to be made by firemen and the amounts to be paid by the cities, without limitation by the act. This delegation of power to the board without limitation, and to a board whose formation was accomplished by other than corporate authorities, was clearly invalid. Under the present act the board is entirely local in character, (par. 919,) and by the terms of the act the rate of contribution by firemen is expressly defined, and the rate of taxation limited by word. The trustees, then, are but ministerial agents whose duties are to determine the amount needed to administer the funds under the provisions of

the act, and to certify that amount to the corporate authorities who will levy the tax. There is no merit to this contention.

Plaintiff next contends that the 1947 amendments constitute special legislation in contravention of section 22 of article IV of the constitution. He says this is so because taxpayers living in cities governed by the act are subjected to a greater tax burden than taxpayers living in cities of over 200,000 inhabitants. The constitution, in this respect, provides that the General Assembly shall not pass local or special laws in certain enumerated cases, or in such other cases when a general law may be made applicable. A law dealing with pensions for firemen does not come within any of the classes of cases enumerated in the constitution. Whether a general law can be made applicable in any case other than those enumerated in section 22 of article IV is for the legislature and not the courts to determine. *Board of Trustees* v. *Comrs. of Lincoln Park,* 282 Ill. 348; *People ex rel. Cermak* v. *Emmerson,* 323 Ill. 561.

The amendments of 1947 are next attacked on the ground that they authorize the creation of a corporate debt that could possibly exceed five per cent of the taxable property within the municipal corporation, thus violating section 12 of article IX of the constitution. While plaintiff has cited some pertinent cases as to what constitutes present debt, there is nothing in the record which indicates or proves that the constitutional debt limit of the city of Springfield will be exceeded, and thus no proof is given on which to declare the amendments unconstitutional in this respect.

The final contention of plaintiff is that the amendments violate section 19 of article IV of the constitution prohibiting extra compensation to public agents for past services. Section 1 of the act provides in part: " 'Fireman' or 'firemen' as used in this Act, shall include all persons who at the time this act becomes effective are entitled to

the benefits of an Act entitled, 'An Act to create a board of trustees of the firemen's pension fund;' * * * all persons who have been or shall be hereafter appointed * * * in the fire service of such city," etc. Section 6 provides for instances in which widows and beneficiaries of "firemen" are to receive benefits, and provides for an increase in burial allotments for "any fireman" who died leaving no beneficiaries, and in event such fireman has paid into the fund an amount in excess of $250, such excess will be paid to his heirs-at-law. Plaintiff contends that the words "fireman" or "firemen" are used in these sections in such a manner as to include those who may have served on the fire department and who may have retired prior to the effective date of the amendments. We are of the opinion that the wording of these sections is not subject to that construction. A reading of the act indicates a legislative intent to benefit only those in service when the act takes effect and those who thereafter become members of the fire departments governed by the act. A "retired fireman" could not be considered a "fireman" under the terms of the act. If a "retired fireman" was to re-enter the service he would then become a "fireman." Since these provisions apply only to present and future firemen as distinguished from retired firemen, they do not allow for additional compensation for past services as prohibited by section 19 of article IV of the constitution. *Porter* v. *Loehr*, 332 Ill. 353.

Section 7, as amended, effective July 24, 1947, provides that any fireman who, after ten years of service, resigns or is discharged, may obtain a refund of the total amount of his contribution in the event he has not theretofore received any disability pension payments. Prior to the adoption of the amendment, the act contained no such provision. Plaintiff contends that since there was previously no provision for refund, salary contributions prior to the amendment became the property of the municipality,

and the attempt of the legislature to authorize a refund of such payments is a payment of extra compensation, again in violation of section 19 of article IV of the constitution. A similar contention was made with reference to the Police Pension Fund Act of 1909, in the case of *People ex rel. Kroner* v. *Abbott*, 274 Ill. 380. In that case, and in *Hughes* v. *Traeger*, 264 Ill. 612, the court pointed out that the constitutionality of statutes establishing a pension system was sustained on the ground that the annuities are in the nature of compensation for services previously rendered for which full and adequate compensation was not received at the time of rendition of services. It was further stated that a pension is, in effect, pay withheld to induce long-continued service. This reasoning is equally applicable to the refund of salary deductions provided for by section 7, as amended, and it would not be increased compensation for past services but rather a final release of full compensation. The wage deductions paid to the city prior to the 1947 amendment of section 7 did not become its property but rather were merely held in trust for purposes of the Pension Act.

Our next consideration is directed to trustee-defendants' cross appeal from the order of the trial court enjoining the payment of certain benefits, provided by the act as amended. Section 6 provides that "if any fireman shall die while in the service * * * or if any fireman shall die from any cause during his retirement on account of disability, or during his retirement after twenty years' service and while in good standing, as provided for in this Act, and shall leave a widow," etc., certain payments will be made to the widow, minor child, or dependent father or mother, as the case may be. The section further provides that if any fireman shall die leaving no beneficiaries, the board of trustees shall pay $250 for burial expenses, and if the deductions from his salary during service have exceeded $250, the excess shall be paid to his heirs-at-law.

The trial court sustained plaintiff's contention that such payments to the beneficiaries or heirs-at-law of any fireman who retired prior to the effective date of the amendment, but died subsequently thereto constituted payment of extra compensation to public agents for past services in violation of section 19 of article IV of the constitution, and enjoined the defendants from making them. Defendants contend that this provision of the constitution is not applicable because the beneficiaries and heirs-at-law are not public officers, agents, servants, or contractors, and thus are not subject to the constitutional prohibition. (*People ex rel. Douglas* v. *Barrett,* 370 Ill. 464; *Hagler* v. *Small,* 307 Ill. 460.) While this may be true, as we have previously pointed out, there is no express provision making the act as amended applicable to retired firemen or their beneficiaries, and the manifest legislative intent is that the act apply only to firemen presently in the service on the effective date of the amendments and those entering thereafter. The trial court properly enjoined payments under the terms of the act as amended to beneficiaries and heirs-at-law of previously retired firemen. The cross appeal is without merit.

As heretofore stated, section 6, as amended, provides for the payment of $250 burial expenses and in certain cases for sums in excess of that amount to be paid to the fireman's heirs-at-law. In the portion of the complaint which prays that defendants be enjoined from paying these benefits to firemen who retired prior to the effective date of the amendment, the amount is described as $200. This same fact is true of the decree. An examination of the statute prior to amendment and after amendment, and of the allegations of the complaint, indicates that this is a clerical error and that the figure of $250 was the one intended. In this respect the decree of the circuit court is modified, but in all other respects it is affirmed.

*Decree modified and affirmed.*