(No. 30727.—

Sara Taylor McFarlane *et al.,* Appellants, *vs.* Eulalia Hotz, County Clerk, *et al.,* Appellees.

*Opinion filed November 18, 1948.*

O'NEILL & DAVEY, of Alton, for appellants.

GEORGE F. BARRETT, Attorney General, (MURRAY F. MILNE, of counsel,) both of Springfield, JOHN F. REARDON, State's Attorney, of Quincy, MAX A. WESTON, State's Attorney, of Rockford, CHARLES A. HELFFRICH, State's Attorney, of Ottawa, ROY P. HULL, State's Attorney, of Peoria, and LAWRENCE HOFF, and PFEIFER, FIXMER & GASAWAY, both of Springfield, for appellees.

Mr. JUSTICE DAILY delivered the opinion of the court:

On January 27, 1947, Sara Taylor McFarlane, the acting recorder of deeds for Madison County, together with fourteen other employees of county offices, filed a complaint in the circuit court of Madison County, by which they sought to enjoin the county clerk and county treasurer from complying with the provisions of the act which created

508

the Illinois municipal retirement fund, (Ill. Rev. Stat. 1945, chap. 24, pars. 1175 to 1201, incl.,) on the ground that said act was unconstitutional for reasons alleged. The original defendants filed an answer admitting the allegations of the complaint and offered no defense to the action. Upon application showing their interest and by leave of court, the board of trustees elected under the act were made parties defendant, and filed an answer denying that the act was invalid, or that the complainants were entitled to the injunctive relief sought. Subsequently leave to join as defendants was granted to twenty-four counties, twenty-seven cities and villages, three forest preserve districts, ten park districts, and certain school districts which had adopted the act and were participating in the municipal retirement fund system. Similarly the Illinois League of Municipal Employees, and some individual employees of Madison County, became parties defendant. All of the above filed answers which conformed substantially to that of the trustees. An amended complaint and amended answers were subsequently filed, and the cause was heard by the trial court on such pleadings, together with a stipulation by which it was agreed that the complainant Sara Taylor McFarlane was holding her office by virtue of an appointment to fill a vacancy; that the remaining complainants were employees of various county offices of Madison County; and that the compensation of the county officers of Madison County is fixed by the board of supervisors at one sum and that a separate amount is fixed for the expense of such offices, including deputy and clerk hire. The trial court found that the act did not violate the constitution as alleged and dismissed the complaint for want of equity. The complainants, hereinafter referred to as appellants, now seek direct review by this court.

The Illinois Municipal Retirement Fund Act, (Ill. Rev. Stat. 1945, chap. 24, pars. 1175 to 1201, incl.,) the validity of which is challenged by this appeal, was enacted in 1939.

It was designed to afford a means by which, after a favorable vote of the people therein, certain municipal corporations and political subdivisions might provide an annuity and benefit system for their officers and employees. Certain governmental units, including Cook County, are excluded from participation in the system. Elective officials are not required to participate unless they choose to do so. However, the act mandatorily applies to all other eligible employees of governmental units that adopt it. In 1945 the act was amended to permit county employees who received earnings payable from fees of county offices to participate in the system. (House Bill No. 343, Laws of 1945, p. 452.) Under the provisions of section 4 of the act, (Ill. Rev. Stat. 1945, chap. 24, par. 1178,) it has no application to any governmental unit eligible to participate, unless and until a majority of the electors of the unit voting have voted to include such unit within the provisions of the act.

Funds for the administration and operation of the system are obtained by deducting $3\frac{1}{2}$ per cent from the salaries of the eligible employees of participating units, and from contributions of the units themselves which, among other things, is in proportion to the amount of salaries paid to its eligible employees; the amount of prior service credit the corporation chooses to allow to its employees; and its equal share of the costs of administering the fund. The contributions of the unit are to be paid out of the fund from which the corresponding employee earnings are paid, and if such fund is insufficient, the unit is authorized, as it deems necessary, to levy a special tax for all or any part of its contribution. The act provides specific limitations on the amount of tax each eligible type unit can levy; in the case of a county the tax is not to exceed .025 per cent of the full, fair cash value of its assessed property. Ill. Rev. Stat. 1945, chap. 24, par. 1198.

The contributions of both employees and units are paid to a board of trustees, selected under the act, whose duty

it is to administer them. The contributions made by each unit participating are credited to the accounts of such units only. The act does not create a general benefit fund for all participating units, but in effect creates a system which, in its operation, is the same as if each participating unit had its own annuity and benefit system, except that the several funds are administered by one board of trustees for all participating units. (Ill. Rev. Stat. 1945, chap. 24, par. 1194.) An employee who leaves the service of the governmental unit before qualifying for retirement benefits is entitled to a return of all the amounts which have been deducted from his salary. Ill. Rev. Stat. 1945, chap. 24, par. 1189.

The board of trustees is selected from the officers and employees of participating units, and its election is accomplished through annual nomination and election conducted by mail. Each participating municipality and each of its participating employees may cast a ballot. (Ill. Rev. Stat. 1945, chap. 24, par. 1191.) The powers and duties of the board are expressly set forth in the act, as is a description of the annuities and benefits payable to participating employees. However, in view of the questions raised by this appeal, it would serve no useful purpose to further detail such provisions at this time. The complaint filed by appellants, as amended, alleged that at the general election of November 5, 1946, a majority of the voters of Madison County voting on the proposition voted favorably for the inclusion of that county within the provisions of the act; that because of said election and the terms of the act the county clerk and treasurer had no option other than to comply with its terms. There followed allegations that said act was unconstitutional for various reasons, which shall be discussed later herein, and a prayer that the act be declared invalid and the county treasurer and county clerk be enjoined from deducting 3½ per cent of appellants'

wages and from making the contributions required of the county.

The first objection raised in this court against the validity of the act is that it vests the power of taxation in persons other than corporate authorities, in contravention to section 9 of article IX of the Illinois constitution. In making this point appellants rely entirely on our decision in the case of *People ex rel. Gallenbach* v. *Franklin,* 388 Ill. 560, wherein the act which created the Firemen's Annuity and Benefit System was held invalid for that reason. In that case the firemen's fund was to be administered by a State Supervisory Board which was elected at an annual convention of representatives of firemen from cities subject to the act. This board was empowered to determine the amount of contribution to be made by both employees and participating cities, without limitation by the act. From such powers, the opinion in the *Franklin case* determined, first, that the State Supervisory Board was given the power to tax, and also the power to create corporate debt to be discharged by taxation, the equivalent of the power to tax. It was next determined that the Supervisory Board was not a corporate authority of the persons to be taxed, and thus had been wrongfully given the power to tax. Appellants have seized upon the similarity of the composition of the board of trustees here with that of the Supervisory Board in the *Franklin case,* and conclude that the provisions of the Municipal Retirement Fund Act are subject to the same objection. This conclusion does not follow, for under the terms of the Retirement Fund Act, the board of trustees is not given the power to levy a tax or to create debt as was the Supervisory Board. The tax provided for by the Retirement Fund Act is to be levied by the authorities of the participating municipalities, (Ill. Rev. Stat. 1945, chap. 24, par. 1198,) and the extent to which the tax may be levied has been limited by the legislature. The only

function of the board of trustees is to certify to the municipality the amount due the fund under the terms of the act; it has no power to create debt for which the municipality will be liable. Its duties are ministerial only, and in noway usurp or supplant the power of the corporate authorities of the participating municipality to levy the tax. *Sommers* v. *Patton,* 399 Ill. 540; *People ex rel. Tuohy* v. *City of Chicago,* 399 Ill. 551.

Even if it were to be conceded that the board of trustees was empowered to levy taxes, this constitutional objection would not lie. Corporate authorities within the purview of section 9 of article IX of the constitution have been defined in decisions of this court as those officers who are either directly elected by the population to be taxed or are appointed in some mode to which the people have given their assent. (*People ex rel. Egan* v. *City of Chicago,* 310 Ill. 534; *Cornell* v. *People ex rel. Walsh,* 107 Ill. 372.) Here the people of Madison County voted to be included under the provisions of the Retirement Act. (Another distinction from the *Franklin case* wherein the act arbitrarily applied to cities of certain population.) They have thus given their assent to the mode by which the board of trustees is elected, and such trustees are therefore such "corporate authorities" as are contemplated by the above section of the constitution. (*Wetherell* v. *Devine,* 116 Ill. 631.) For the foregoing reasons, we are of the opinion that the first objection of appellants is without merit.

It is next urged that the provision of the act requiring deductions from the salaries of county employees violates section 10 of article X of the constitution. That section, insofar as it is pertinent, is as follows: "The county board, except as provided in section 9 of this article, shall fix the compensation of all county officers, with the amount of their necessary clerk hire, stationery, fuel and other expenses, and in all cases where fees are provided for, said compensation shall be paid only out of, and shall in no

instance exceed, the fees actually collected." Deductions for pension systems containing no provision for refund of contributions have been construed by this court as reducing the salaries of the employees from which they are deducted. (*Hughes* v. *Traeger*, 264 Ill. 612; *Helliwell* v. *Sweitzer*, 278 Ill. 248.) Appellants contend that by virtue of section 10 of article X, the county board alone has authority to fix their compensation, and that the legislature in assuming to reduce their salaries by 3½ per cent under the terms of the act has violated said constitutional provision. Appellees contend that the provision, along with section 9 of article X, has no application to counties other than Cook County, or, in the alternative, that, if it should apply to other counties, it applies only to certain elective county officials who are expressly excluded from mandatory participation in the retirement system.

Section 10 of article X provides that the county board shall fix the compensation of all county officers, except as provided in section 9. This eliminates from the purview of the section the clerks of courts of record, the treasurer, sheriff, coroner, and recorder of deeds of Cook County. This court has previously determined that section 9 of article X has exclusive application to Cook County and does not apply to the remaining counties of the State. (*Jennings* v. *Fayette County*, 97 Ill. 419; *County of Cook* v. *Hartney*, 169 Ill. 566.) Since the Retirement Act is not open to Cook County the provisions of section 9 have no direct bearing on this consideration. Who, then, are the county officers within the meaning of section 10? In the case of *Wulff* v. *Aldrich*, 124 Ill. 591, upon which appellants rely, it was stated, at page 595: "The term, 'all county officers,' must be held to embrace all the county officers of each county in the State, including the county officers of Cook county that are not specified in section 9." In the later case of *McAuliffe* v. *O'Connell*, 258 Ill. 186, the above language of the *Wulff case* was construed as referring only to elec-

tive officers created by the constitution, and we held that section 10 of article X applies only to the compensation of officers elected under the provisions of the constitution and not to officers thereafter created by the legislature. That section 10 was not intended to be inclusive of "all other county officers" is further borne out by holdings of this court wherein we have held that the section did not affect the salary and compensation of the State's Attorney's office, (*Butzow* v. *Kern,* 264 Ill. 498;) the office of the county superintendent of schools, (*Jimison* v. *Adams County,* 130 Ill. 558;) the office of the county judge, (*People ex rel. Nauert* v. *Smith,* 327 Ill. 11;) or that of a deputy coroner. *People ex rel. Heuer,* v. *Chicago, Burlington and Quincy Railroad Co.* 377 Ill. 470.

By the holding of the *McAuliffe case* then it has been determined that section 10 of article X applies only to elective constitutional officers. Under the provisions of section 3 of the Municipal Retirement Fund Act, no elective officer comes within the application of the act unless such officer voluntarily elects to participate in the retirement system and thereby authorizes contributions for the fund to be deducted from his salary. As to county officers, therefore, the act is not subject to this objection. It is true that one of the appellants, Sara Taylor McFarlane, the acting recorder of deeds, is holding an elective office within the purview of section 10, and under the law is entitled to retain her salary or compensation from fees collected. (*People ex rel. McWard* v. *Wabash Railroad Co.* 395 Ill. 243.) However, there is nothing in the record before us to indicate that deductions have been made from her salary without election on her part, nor has she sued for any special relief. We are of the opinion therefore that by the terms of the act the legislature has in noway usurped the power of the county board to fix the salaries of the county officers contemplated by section 10.

Although little support has been advanced for the proposition, appellants also contend that by the terms of section 10, the county board alone is authorized to fix the salaries and compensation for the employees of the county officers governed by that section. This contention is based on the language of the section which states that the county board shall fix the compensation of all county officers "with the amount of their necessary clerk hire." This court has held that under such provision the county board may fix the compensation of the county officers governed by the section, together with their necessary clerk and office expense and clerk hire, in a lump sum rather than in separate amounts for each item. (*Kilgore* v. *People*, 76 Ill. 548; *Brissenden* v. *County of Clay*, 161 Ill. 216; *People ex rel. McWard* v. *Wabash Railroad Co.* 395 Ill. 243.) The authority of the county board over the salaries of county fee officers is merely an authority to fix the amount such officer may expend for the purpose, and the making of such an allowance pursuant to the provisions of section 10 for deputy and clerk hire does not have the effect of requiring the officer to hire such employees or expend the full amount so allowed, but is merely an allowance which he may use for such purposes and which he may not exceed. To that effect is *Jennings* v. *Fayette County*, 97 Ill. 419. Whether the allowance be made to a fee officer or other county officer, it does not have the effect of giving the employee a vested right in any particular rate of salary, but merely authorizes the officer to use the allowance for salary purposes. There is no merit to the contention that the Retirement Act has usurped the power of the county board to fix the salaries of the officers and employees referred to in section 10 of article X.

Lastly, appellants contend that the act is a violation of section 19 of article IV of the constitution, which section prohibits extra compensation to public officers, agents

or servants, after service has been rendered or contract made. Section 7 of the act (Ill. Rev. Stat. 1945, chap. 24, par. 1181,) provides as follows: "1. For prior service, each participating employee who is an employee of a participating municipality or instrumentality thereof on the effective date, shall be credited, as of such date, with a prior service credit * * *." "Prior service" is defined by section 3(g) (Ill. Rev. Stat. 1945, chap. 24, par. 1177(g),) as follows: "(g) Prior Service: The period beginning on the first day upon which any participating employee first became an employee of the municipality, or of any instrumentality thereof, within which such employee was employed on the effective date of participation of such municipality, and ending on the effective date of participation of such municipality, excluding the intervening periods during which such employee was separated from the service of such municipality and all instrumentalities thereof, following a resignation, dismissal, layoff or expiration of any term of appointment or election as certified by the governing body of the employing municipality, or instrumentality, as the case may be." It may be seen from the foregoing provisions that although "prior service" includes all periods of service rendered by an employee prior to the effective date of participation in the system by his employing municipality, credit may be extended only to those employees who are in the service of the municipality on the date the municipality begins to participate in the system. Prior service credit is not extended to persons not in the employ of the municipality at the time the act becomes effective. The effect of section 19 of article IV on similar pension acts which allowed prior service credits to employees in service at the time said acts were passed has been previously discussed by this court and said acts have been found not invalid by reason of said provision of the constitution. (*People ex rel. Judges Retirement System* v. *Wright,* 379 Ill. 328; *DeWolf* v. *Bowley,* 355 Ill. 530; *People ex rel.*

*Kroner* v. *Abbott,* 274 Ill. 380.) The conclusion has been reached that the primary object of such pension acts was a furtherance of a public interest as an inducement to continued public service, and therefore did not constitute a donation or gratuity. (*DeWolf* v. *Bowley,* 355 Ill. 530.) Further, a pension has been construed to be in the nature of compensation for services previously rendered for which full and adequate compensation was not received at the time of the rendition of service, and not to constitute extra payment within the meaning of section 19 of article IV. (*Sommers* v. *Patton,* 399 Ill. 540.) Appellants have cited the *Abbott* and *DeWolf cases* as supporting their position. However, an analysis of those cases, in view of the terms of the Retirement Fund Act, indicate they are more beneficial to the position of the appellees. The case of *Porter* v. *Loehr,* 332 Ill. 353, cited by appellants, does not apply because the police pensioner there involved had been retired, and the statute involved attempted to authorize the payment of larger benefits as an extra allowance for past services. The obligation which the performance of those services imposed upon the public had been performed, which alone made the act subject to condemnation. (*People* v. *Wright,* 379 Ill. 328; *Raines* v. *Board of Trustees,* 365 Ill. 610.) By the terms of the Retirement Fund Act only those persons in the employ of the municipality when the act is adopted are eligible to participate in and receive the benefits of the system. The credit extended to such employees for prior service is not therefore additional compensation for past services performed, but is merely an inducement to continue in public service offered in the furtherance of the public interest. This the legislature is empowered to do.

We are of the opinion, therefore, that the Illinois Municipal Retirement Fund Act is not subject to the constitutional objections urged by appellants. The circuit court of Madison County properly dismissed the cause for want of equity and its decree is affirmed.

*Decree affirmed.*