# JOHN B. LOVINGSTON

## *v.*

# ERNST W. WIDER *et al.*

1. TAXATION FOR CORPORATE PURPOSES—*by whom the power may be exercised—constitutionality of the act of* 1867, *"to establish a police for the city of East St. Louis."* That act provides for the appointment by the governor, with the consent of the senate, of three commissioners, who were to control the police department of the city, and in case of a failure of the city council to appropriate money according to their annual estimate of the amount required, the commissioners were given the unlimited power to issue certificates of indebtedness in the name of the city, which should be receivable in payment of city taxes, and by an amendatory act, these certificates are made convertible into city bonds on demand of the holder: *Held,* this act is in violation of the fifth section of the ninth article of the constitution of 1848, authorizing the legislature to give the corporate authorities of cities and towns the right of taxation for corporate purposes.

2. That clause of the constitution is a limitation upon the power of the legislature to grant the right of corporate or local taxation to any other persons than the corporate or local authorities.

3. SAME—*who are "corporate authorities."* By corporate authorities, as used in this clause of the constitution, must be understood those municipal officers who are either directly elected by the people of the municipality, or appointed in some mode to which they have given their assent.

4. These police commissioners are not corporate authorities of the city over whose police affairs they are, by the act creating them, given the control, because by that act they are forced upon the people of the municipality, without reference to their wishes or consent.

5. SAME—*power to create a debt against the city.* While the act creating these commissioners does not, in terms, give them the right to impose a direct tax, yet it does give them the power to create a debt against the city; and the power to impose a tax and create a debt to be discharged by the levy of a tax, are substantially the same thing.

6. SAME—*power of the legislature to levy a local tax.* The doctrine in reference to the possible existence of cases in which the legislature would be authorized to levy a local tax without the consent of the corporate authorities, has no application in a case where it is attempted to confer a discretionary power of taxation upon persons other than the corporate authorities.

7. PARTIES IN CHANCERY—*to restrain an illegal issue of city indebtedness.* Where the legislature have attempted in violation of the constitution, to confer upon persons other than the corporate authorities of a city, the power to create a debt against the city, an individual taxpayer therein can not maintain a bill to restrain the exercise of such power. His position is not like that of a person upon whose property an illegal tax has been levied.

8. It is possible, however, that the city might maintain such a bill, on the allegation that, although indebtedness thus created would not be binding upon it, the credit of the city might thereby be impaired, and, such indebtedness being made receivable for city taxes, interfere with the collection of its revenues, and expose it to the hazard of future litigation.

APPEAL from the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

The opinion states the case.

MR. WILLIAM H. UNDERWOOD and Mr. M. MILLARD, for the appellant.

Mr. G. KŒRNER and Mr. G. W. DAVIS, for the appellees.

Mr. JUSTICE LAWRENCE delivered the opinion of the Court:

On the twenty-second of February, 1867, the legislature passed an act entitled, "an act to establish a police force for the city of East St. Louis," which provided for the appointment by the governor, with the consent of the senate, of three commissioners, who were to control the police department of the city. The act directed that these commissioners should annually estimate what sum of money would be necessary for each fiscal year, and report to the city council, who are required to appropriate such amount out of the general fund of the city, and in case of the failure of the council so to do, the commissioners are authorized to issue certificates of indebtedness in the name of the city, which shall be receivable in payment of city taxes, and to raise money on said certificates by pledging

or disposing of the same.  No limit is placed upon their power
as to the amount they are thus authorized to raise, or the price
at which they shall dispose of the certificates.

The bill in this case was filed by the appellant, alleging that
he is a citizen and tax payer of said city, setting forth the sub-
stance of said act, and averring that the city council had refused
to recognize the authority of said commissioners, or appropriate
money on their requisition, and that they had issued large
amounts of said certificates and sold them at twenty cents on
the dollar, and were continuing to do so.  The bill alleges the
unconstitutionality of the law, and prays an injunction against
the commissioners, who are made defendants.  The cause was
heard on a demurrer to the bill, and the demurrer was sus-
tained, and a decree entered dismissing the bill.  The com-
plainant appealed.

The validity of this act can hardly be considered an open
question in this court, since the decision of *The People ex rel.
McCagg* v. *The Mayor of Chicago,* 51 Ill. 17; Same *ex rel.
Wilson* v. *Salomon,* ib. 37; Same *ex rel. South Park Commis-
sioners* v. *The Common Council of Chicago,* ib. 58, and *Harward*
v. *St. Clair Drainage Company,* ib. 130.

We held, in these cases, that the fifth section of the ninth
article of the constitution, authorizing the legislature to give
the corporate authorities of cities and towns the right of taxa-
tion for corporate purposes, was to be construed as a limitation
upon the power of the legislature to grant the right of corpo-
rate or local taxation to any other persons than the corporate
or local authorities.  We further held, that, by corporate
authorities, as used in this clause of the constitution, must
be understood those municipal officers who are either directly
elected by the people of the municipality, or appointed in
some mode to which they have given their assent.  We further
held, in the first of the above cited cases, that the commis-
sioners of Lincoln Park were not corporate authorities, and in
the last case, that the drainage company were not such author-
ities within the meaning of the constitution.

These cases, in our judgment, are conclusive against the validity of the act under consideration. These police commissioners are not the corporate authorities of East St. Louis, and, therefore, can have no power of taxation. They are not elected by the people of that city, nor appointed in any mode to which the people have given their assent. The act creating them has never been accepted by the people or by the city council, but, on the other hand, as alleged in the bill, the council has constantly denied the authority of the commissioners. So far from being corporate authorities, in the sense in which this court has construed that phrase, these commissioners, by the act in question, are forced upon the people of this municipality, without reference to their wishes or consent, to hold over them the tremendous power of unlimited taxation, and, in the exercise of this power, to be placed entirely beyond the reach of those whose property is at their mercy. For the reasons given in the cases cited, such legislation can not be reconciled with the constitution.

It is said by counsel for appellees, that the act in question is not open to this objection, because it does not give to the police commissioners the right to impose a direct tax. But it does the same thing in substance. It authorizes them to issue certificates of indebtedness, which are made receivable in payment of all taxes and debts due the city, and by the amended act of 1869, are convertible into city bonds on demand of the holder. In this respect, also, the case is like *The People ex rel. McCagg* v. *The Mayor*, above cited, where we held that the power to impose a tax and create a debt to be discharged by the levy of a tax, were substantially the same thing.

Counsel for appellees quote a remark of the court, made in one of the cases above cited, to the effect that cases might arise in which the legislature could impose local taxes without the consent of the corporate authorities, as when, through the delinquency of the municipality, the State is obliged to furnish security to life and property. But the court, in that remark, referred merely to the possible existence of cases in which the

20—53RD ILL.

legislature would be authorized to levy a local tax, while, in the present case, the legislature has levied no tax, but has sought to confer a discretionary power of taxation upon persons other than the corporate authorities.

But, while we hold this act of the legislature to be clearly void, we are, nevertheless, of opinion that the judgment of the circuit court sustaining the demurrer must be affirmed. We have decided the main question because the pleadings were designed to present it, and it has been fully argued, and it is manifestly very important to the people of East St. Louis that it should be decided without the delay of a new proceeding and further litigation. Nevertheless, this complainant can not maintain this bill, for he is liable to no injury. He does not seek to enjoin the collection of a tax from his property, for none has been levied, and, as the act in question is invalid, none can be levied except by the action of the city council, and in their discretion. No doubt that body will levy such a tax as justice shall require, in reference to the certificates issued by the commissioners, but that question must be referred to their own judgment and sense of right. No action of the court is needed to protect this complainant. His position is not like that of a person upon whose property an illegal tax has been levied. If, however, the city had filed a bill, asking the interference of the court on the ground that these certificates issued by the commissioners, although not binding upon the city, were, nevertheless, impairing its credit, interfering with the collection of its revenues, and exposing it to the hazard of future litigation by throwing upon the market, in large amounts, evidences of indebtedness that were at least colorable, and issued under the apparent authority of law, it is probable a case would have been made requiring the court to pronounce a decree staying the further issue of such certificates.

*Decree affirmed.*