# THE CITY OF EAST ST. LOUIS

*v.*

# WILLIAM A. WITTS.

1. CONSTITUTIONAL LAW—*validity of the act of* 1867, "*to establish a police force for the city of East St. Louis.*" The decisions in the cases of *Lovingston* v. *Wider et al.* 53 Ill. 302, and *The People ex rel. Wider et al.* v. *Canty,* 55 Ill. 33, holding that the police commissioners of the city of East St. Louis, appointed under the act of 1867, had no power to create a debt against the city, re-affirmed.

2. ADMISSION OF EVIDENCE—*without objection—whether conclusive as to its legal effect.* In an action of debt against the city of East St. Louis, upon certain certificates of indebtedness, termed scrip, issued by such police commissioners, it was *held,* while the admission of such certificates as evidence, without objection, precluded the defendant from raising any question as to the execution of the certificates, or their genuineness, yet it did not preclude it from questioning their legal effect as a basis of recovery, either upon the argument of the case before the court, or upon a motion for a new trial.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

Mr. WILLIAM H. UNDERWOOD and Mr. L. H. HITE, for the plaintiff in error.

Messrs. G. & G. A. KOERNER, for the defendant in error.

Per CURIAM: This was an action of debt, brought in the St. Clair circuit court, by the defendant in error against the city of East St. Louis. The only evidence offered consisted of certain certificates of indebtedness, termed scrip, issued by the police commissioners. We have already decided these commissioners have no power to create a debt against the city. *Lovingston* v. *Wider*, 53 Ill. 302; *The People ex rel. Wider* v. *Canty*, 55 Ill. 33. We are asked to reconsider these decisions. We entertain no doubt as to their correctness. The scrip being the only evidence, the court, which tried the case without a jury, should have found for the defendant. It is proper to remark, however, that the opinions of this court in the above cases had not been delivered when the case at bar was tried.

It is urged by counsel for defendant in error, that the certificates were admitted without objection. This precluded the defendant from afterwards raising any question as to the execution of the certificates, or their genuineness, but not from questioning their legal effect as a basis of recovery, either upon the argument of the case before the court, or upon a motion for a new trial. Here, a motion for a new trial was made upon that ground, and overruled, and exception was duly taken. This brings the question before us.

The judgment must be reversed.

*Judgment reversed.*