PAUL CORNELL

v.

THE PEOPLE ex rel. Charles Walsh.

*Filed at Ottawa May 10, 1883—Rehearing denied September Term, 1883.*

1. MUNICIPAL CORPORATIONS—*how far subject to legislative control.* There is no doubt in regard to the general proposition that the legislature has the power to control municipal bodies which it has created, and may, as a general rule, alter or amend the act of incorporation at pleasure; but all such changes must be subject to such limitations as may be imposed by the constitution of the State. It may enlarge or diminish the corporate powers of the South Park Commissioners of Cook county.

2. SAME—*who are "corporate authorities," upon whom the power of taxation may be conferred.* The "corporate authorities" intended by the constitution upon whom the power of taxation may be conferred, are such municipal officers as may have been elected directly by the people of the dis-

trict, or appointed in some mode to which the people of the district have given their assent. The people of such bodies must assent to the conferring and exercise of such powers by electing the authorities, or must, by a vote for the charter, assent to their appointment by some other officer or person.

3. The clause in the constitution of 1848 that the corporate authorities of cities, etc., may be vested with power to assess and collect taxes for corporate purposes, such taxes to be uniform in respect to persons and property, etc., and a similar clause in the present constitution, is held a limitation upon the power of the legislature to confer the right to assess and collect taxes upon any other persons than the corporate or local authorities of the municipality or district to be taxed.

4. BOARD OF PARK COMMISSIONERS—*considered as a municipal corporation—with power of taxation.* The people of the towns affected by the Park act of 1869, having, by a vote, accepted its provisions, the board of park commissioners thereby created became a municipal corporation, in whom the legislature might vest power to assess and collect taxes within the park district for the special corporate purposes of its creation.

5. SAME—*as to the mode of their appointment—and by whom.* By adopting the Park act of 1869, the people of the district assented to its provisions making the commissioners corporate authorities, and that they might be appointed as provided in that act. They gave their assent that the first board of corporate authorities should be appointed by the Governer, and that their successors should thereafter, as a vacancy occurred, be appointed by the judge of the circuit court of Cook county. Upon no other terms did the people of the district assume the burden of taxation which the corporate authorities had the power to impose.

6. SAME—*changing the mode of appointment without the assent of those interested—constitutionality of the act.* Where the people of a municipality have assented to the appointment of park commissioners who are invested with the corporate power of levying taxes, by a judge of a court in their midst, a subsequent act of the legislature taking such appointing power from such judge, and conferring it upon the Governor of the State, thereby changing the mode of appointment in a manner not assented to, is unconstitutional and void, and a commissioner appointed by the Governor will have no rightful authority to exercise the duties of such office.

7. The first section of the act of 1881 merely prohibits any judge of the circuit court from appointing any park commissioner; but the second section purports to authorize the Governor to appoint. The second section being unconstitutional, and the purpose of the entire act being to accomplish but a single object, both sections must fall together.

8. STATUTE—*of its validity, in part or as a whole.* Where it is apparent that an entire act of the legislature is intended to accomplish a single

object, although one section may be good, and the other bad, as in violation of the constitution, both sections must fall together; but if a statute attempts to accomplish two or more objects, and is void as to one, it may be in every respect valid as to the other.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding.

Mr. E. S. WILLIAMS, for the appellant:

The opposition between an act of the legislature and the constitution must be strong and clear to justify the courts in holding the act unconstitutional. *Lane* v. *Dorman*, 3 Scam. 238; *People* v. *Marshall*, 1 Gilm. 672; *People* v. *Hatch*, 33 Ill. 130; *Chicago, Danville and Vincennes R. R. Co.* v. *Smith*, 62 id. 268.

The park commissioners, by the vote of the people, became a corporate authority, and are the agents by whom, in part, the people of the State carry on the government. *People* v. *Salomon*, 51 Ill. 37; *Wilcox et al.* v. *People ex rel.* 90 id. 192; *People ex rel.* v. *Walsh et al.* 96 id. 232.

Being a public municipal corporation, it is subject to legislative control, there being no vested right in its franchises. *County of Richland* v. *County of Lawrence*, 12 Ill. 8; *Trustees of Schools* v. *Tatman*, 13 id. 30; *Dennis* v. *Maynard*, 15 id. 480; *People* v. *Power*, 25 id. 191; *People ex rel.* v. *Brislin*, 80 id. 432; *People ex rel.* v. *Brown*, 83 id. 97; *Buffett et al.* v. *Great Western R. R. Co.* 25 id. 355; *Coles* v. *Madison County*, Breese, 115; *United States* v. *Railroad Co.* 17 How. 329; *State Bank* v. *Knoop*, 16 id. 369; *Sloan* v. *State*, 8 Blackf. 361; 1 Dillon on Mun. Corp. sec. 54.

The legislature may change the mode of appointing the commissioners without a vote of the people, as well as enlarge their powers. *People ex rel.* v. *Brislin*, 80 Ill. 423; *Bank of the Republic* v. *Hamilton County*, 21 id. 53; *People ex rel.* v. *Wright*, 70 id. 395; *People ex rel.* v. *Auditor*, 1 Scam. 537; *People* v. *Haskell*, 5 Cal. 357; *City Council* v.

*Sweeney,* 44 Ga. 463; *Davis* v. *State,* 7 Md. 157; *West Chicago Park Comrs.* v. *Telegraph Co.* 103 Ill. 33.

The legislature has the right to repeal the charter of this corporation, and thereby abolish all offices under it.  *People ex rel.* v. *Brown,* 83 Ill. 97; *People ex rel.* v. *Power,* 25 id. 191; *United States* v. *Railroad Co.* 17 How. 329; 1 Dillon on Mun. Corp. (3d ed.) sec. 54; *People* v. *Morris,* 13 Wend. 331; Cooley on Const. Lim. sec. 235, p. 290; *People ex rel.* v. *Brislin,* 80 Ill. 423; *People ex rel.* v. *Wright,* 70 id. 338; *Wilcox et al.* v. *People,* 90 id. 186; *Andrews* v. *People,* 83 id. 529; *People* v. *Morgan et al.* 90 id. 558; *People* v. *Walsh et al.* 96 id. 232; *Dunham* v. *People,* id. 333.

Mr. J. L. HIGH, also, for the appellant:

It is claimed there can be no change in the method of selecting or appointing municipal officers invested with taxing powers, unless such change shall receive the assent of a majority of the tax-payers affected thereby.   The legislature, unless restrained by constitutional restrictions, has the power to change, modify or destroy municipal corporations.   Cooley on Const. Lim. 192; *Coles* v. *County of Madison,* Beecher's Breese, 154; *People* v. *Wren,* 4 Scam. 269; *County of Richland* v. *County of Lawrence,* 12 Ill. 1; *Trustees of Schools* v. *Tatman,* 13 id. 27; *People* v. *Power,* 25 id. 187; *Mayor of Baltimore* v. *The State,* 15 Md. 376; *Dartmouth College* v. *Woodward,* 4 Wheat. 693; *Bristol* v. *New Chester,* 3 N. H. 524; *East Hartford* v. *Hartford Bridge Co.* 10 How. 511; *City of Philadelphia* v. *Field,* 58 Pa. St. 320.

All other amendments to the park acts have been held constitutional.   *People* v. *Brislin,* 80 Ill. 423; *Andrews* v. *People,* 83 id. 529; *People* v. *Walsh,* 96 id. 232; *West Chicago Park Comrs.* v. *Telegraph Co.* 103 id. 33; *People* v. *Morgan,* 90 id. 558.

Municipal charters are not contracts, but are granted for public purposes, and may be amended or repealed, at the

discretion of the legislature.     *East Hartford* v. *Hartford Bridge Co.* 10 How. 511; Cooley on Taxation, 56, 192.

Mr. LUTHER LAFLIN MILLS, State's Attorney, and Mr. A. W. GREEN, for the appellee:

The act of February 2, 1869, when assented to by the people of the towns of South Chicago, Hyde Park and Lake, created a public municipal corporation, of which the South Park Commissioners are the corporate authorities. *People* v. *Salomon*, 51 Ill. 37; *People* v. *Chicago*, id. 58; *People* v. *Walsh*, 96 id. 232.

The constitution of 1848, which was in force when this act was passed, provides that the corporate authorities of cities, towns, and other municipal corporations, may be vested with power to collect and assess taxes for corporate purposes. Const. 1848, art. 9, sec. 5.

This section is a limitation upon the power of the legislature to grant the right of corporate or local taxation to any other than the corporate or local authorities of the municipality or district to be taxed; and corporate authorities are those municipal officers who are either directly elected by the people to be taxed, or appointed in some mode to which they have given their assent. *Harward* v. *St. Clair Drainage Co.* 57 Ill. 130; *People* v. *Salomon*, 51 id. 37; *People* v. *Mayor*, id. 17; *Hessler* v. *Drainage Comrs.* 53 id. 105; *Lee* v. *Ruggles*, 62 id. 427; *Trustees* v. *People*, 63 id. 299; *Board* v. *Houston*, 71 id. 318; *Gage* v. *Graham*, 57 id. 144; *People* v. *McAdams*, 82 id. 356.

Section 9, article 9, of the constitution of 1870, must be construed in the same manner as the kindred section in the constitution of 1848. *Updike* v. *Wright*, 81 Ill. 49; *Dunham* v. *People*, 96 id. 331; *People* v. *Harper*, 91 id. 357.

The act of 1881, under which the appointment was made, makes it unlawful for any judge, etc., to appoint any park commissioners, and provides that the Governor shall appoint

such commissioners of any public park or parks not under the control of any city, village, or other municipal corporation. As this park was and is under the control of a municipal corporation, the Governor has no power, under the act, to appoint. *People* v. *Salomon*, 51 Ill. 37; *People* v. *Morgan*, 90 id. 558; *People* v. *Walsh*, 96 id. 232.

The act in question contravenes the constitutional limitation that the persons to exercise the powers of taxation granted shall be "corporate authorities,"—that is, elected by the people, or appointed in some mode to which they have assented. *Lovingston* v. *Wider*, 53 Ill. 303; *Wider* v. *East St. Louis*, 55 id. 133; *People* v. *Canty*, id. 33; *Hinze* v. *People*, 92 id. 406.

The act must necessarily produce a result forbidden by the constitution, and therefore can not be upheld. *People* v. *Cooper*, 83 Ill. 585.

While, perhaps, the first section of this act, standing by itself, may not be invalid, still, as the evident purpose of the whole act is to accomplish a single object only,—namely, to change the method of appointment of park commissioners,— the second section being void the whole act must fall. Cooley on Const. Lim. 178, 179; *People* v. *Cooper*, 83 Ill. 585; *Hinze* v. *People*, 92 id. 406.

Mr. Justice Craig delivered the opinion of the Court:

This was an information in the nature of a *quo warranto*, brought against Paul Cornell, to determine his right or authority to hold the office of park commissioner in a corporation in Cook county, known as the South Park Commissioners, which was created by an act of the General Assembly approved February 24, 1869, entitled "An act to provide for the location and maintenance of a park for the towns of South Chicago, Hyde Park and Lake." By section 1 of the act, five persons, to be appointed by the Governor, together with their successors, are constituted a board of park com-

missioners, to be known as the South Park Commissioners. Under section 2 of the act, the term of office of one of the commissioners would expire on the 1st day of March, 1870, and the term of office of another on the first day of the next succeeding March, and so on, until the term of all those first appointed would expire. Section 2 also contains this provision: "All vacancies occurring in said board shall be filled by the appointment of the judge of the circuit court of Cook county, when such vacancies shall occur." The 8th section provides, that for any deficiency arising from acquiring title to the park, and for the payment of expenses of maintaining and improving the park, and other expenses, the commissioners are authorized to borrow a sum of money not exceeding $2,000,000, with authority to issue bonds. The 9th section empowers the commissioners to levy an annual tax, not exceeding $300,000 in any one year, for the payment of interest on the bonds issued, and the expenses of the improvement and maintenance of the park for the current year. The 18th section provides for an election to be held in the towns of South Chicago, Hyde Park and Lake, for the voters to vote whether they will accept the provisions of the act. The election was held, and the act adopted by the people.

In May. 1881, the legislature passed an act, sections 1 and 2 of which are as follows:

"Sec. 1. *Be it enacted by the People of the State of Illinois, represented in the General Assembly,* That hereafter it shall not be lawful for any judge or judges of any circuit court in this State to appoint any park commissioner, or fill any vacancy in any such office of park commissioner.

"Sec. 2. The Governor of the State of Illinois shall appoint all park commissioners hereafter to be appointed under and by virtue of any act or acts providing for the location and maintenance of any public park or parks not under the control of any city, village or other municipal corporation, and shall fill all vacancies which may hereafter occur in any

such office of park commissioner or board of park commis-
sioners, by like appointment, anything in any such act or
acts to the contrary notwithstanding."

After the passage of this act a vacancy occurred in the
board, and the Governor appointed Cornell, who claimed the
right to hold the office under the appointment, by virtue of
section 2 of the act.

The act of 1869, which created this corporation, has been
before this court in a number of cases, and the force and
effect of many of its provisions have been settled by judicial
construction.    In *The People* v. *Salomon,* 51 Ill. 37, it was
held that the people of the towns affected by the act having,
by a vote, accepted its provisions, the board of park commis-
sioners thereby created, to whom was committed the entire
control of the park, became a municipal corporation, in whom
it was competent for the legislature to vest the power to
assess and collect taxes within the park district so created,
for the special corporate purpose of its creation.    The board
of park commissioners being, then, within the meaning of
the law, a municipal corporation, it is contended by the
defendant that the State has the power to amend, alter or
change the act creating the corporation, in such manner as
its wisdom may dictate.    There is no doubt in regard to the
general proposition that the State has the power to control
municipal bodies which it has created, and may, as a general
rule, alter or amend the act of incorporation at pleasure;
but all such changes and amendments must be subject to
such limitations as may be imposed by the constitution of
the State.    The complete control of the legislature, subject
to constitutional limitations, is conceded by the People, but
they contend that the act of 1881 is unconstitutional, and
although other questions have been discussed in the argu-
ment, this is the main question involved in the record.

The constitution of 1848, which was in force when the act
of 1869 was passed, provides:    "The corporate authorities

of counties, townships, school districts, cities, towns and villages may be vested with power to assess and collect taxes for corporate purposes, such taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same." This clause of the constitution has been before the court for construction in a number of cases, and the decisions of this court are uniform to the effect that the clause is a limitation upon the power of the legislature to confer the right to assess and collect taxes upon any other persons than the corporate or local authorities of the municipality or district to be taxed. *Harward* v. *St. Clair and Monroe Levee and Drainage Co.* 51 Ill. 130; *Updike* v. *Wright,* 81 id. 49; *People* v. *Mayor,* 51 id. 17; *People* v. *Morgan,* 90 id. 558.

The corporate authorities intended by the language of the constitution, upon whom the power of taxation was conferred, are such municipal officers as have been elected directly by the people of the district, or appointed in some mode to which the people of the district have given their assent. Upon this point, in the *Harward case,* it is said: "These authorities are elected by the people to be taxed, or appointed in some mode to which the people have given their assent, and to them alone can this power be safely delegated." In *The People* v. *Morgan, supra,* in the discussion of the question, it is said: "Under section 10, of article 9, of the constitution, the General Assembly is prohibited from imposing taxes on municipalities, and, under section 9, can only vest the corporate authorities of such bodies with power to levy and collect taxes for corporate purposes." Thus it is held that the people in such bodies must assent thereto by electing the authorities, or, by a vote for the charter, assent to their appointment by some other officer or person.

Section 9, of article 9, of the constitution of 1870, has received the same construction that was placed upon the constitution of 1848 on the same subject. (*Updike* v. *Wright,*

81 Ill. 49; *Dunham* v. *The People*, 96 id. 331.)    In the last
case cited it is said:    "The clause in the constitution of
1870, adopted in the light of this construction, must be con-
strued in the same manner as was construed the kindred
clause in the constitution of 1848."

Under the act of 1869, the park commissioners, who were
the corporate authorities of the corporation, were not elected
by the people of the district, but as the people adopted the
act by a vote, they were appointed in a mode to which they
had given their assent, and upon this ground the act was
sustained.    The act, as we have seen, conferred upon the
park commissioners the power of taxation, with the right to
issue bonds, for which the people of the park district and
their property were held liable.    This burden could not have
been imposed without the consent of the people of the dis-
trict, because the park commissioners, without that assent,
would not, within the meaning of the constitution, have been
corporate authorities.    By the vote adopting the provisions
of the act the people of the park district gave their assent
that the first board of corporate authorities should be ap-
pointed by the Governor of the State, and that their succes-
sors should thereafter, as often as a vacancy occurred, be
appointed by the judge of the circuit court of Cook county.
This was the mode provided by the act.    To this the people
of the district gave their assent, and upon no other terms or
conditions did they agree to assume the burden of taxation
which the corporate authorities, under the act, had the power
to impose.    It may be that the Governor is quite as compe-
tent to select honest and capable commissioners as the cir-
cuit judge of Cook county; but that does not affect the
question.    Had the people of the district seen proper to
reject the act when it was submitted for their adoption or
rejection, the act could not have been imposed upon them.
They saw proper to adopt it as it was, with the plain pro-
vision that the corporate authorities should be appointed by

the circuit judge of Cook county. It can not be said they would have given their assent to the act if the appointing power had been left in the hands of the Governor. They may have had the most cogent reasons for consenting to an act where the appointing power was left in the hands of a public officer residing in their own county, occupying a position which of itself would place him above any and all political influences which might be brought to bear upon a political officer of the State entrusted with the appointing power. But however this may be, they never assented to any other or different mode of appointment of the corporate authorities, and until they have done so they can not be bound to accept them.

*Lovingston* v. *Wider*, 53 Ill. 302, is a case in point. In that case the legislature passed an act to establish a police force for the city of East St. Louis, which authorized the Governor, with the consent of the Senate, to appoint three commissioners, who were to control the police department of the city, and in case of failure of the city council to appropriate money according to their annual estimate of the amount required, the commissioners were given the power to issue certificates of indebtedness in the name of the city, which should be receivable for taxes, and might be converted into bonds on demand of the holder. The act was held to be in violation of the constitution. It is there said: "These police commissioners are not the corporate authorities of East St. Louis, and therefore can have no power of taxation. They were not elected by the people of that city, nor appointed in any mode to which the people have given their assent. The act creating them has never been accepted by the people or by the city council. * * * So far from being corporate authorities, in the sense in which this court has construed that phrase, these commissioners, by the act in question, are forced upon the people of this municipality, without reference to their wishes or consent, to hold over them the unlimited

power of taxation." The doctrine of this decision was approved in *The People* v. *Canty*, 55 Ill. 42; and in *Hinze* v. *The People*, 92 Ill. 406, the validity of the act again came before the court, and, after a thorough review of the whole subject, was again held unconstitutional.

But it is said the act of 1881 in no manner impairs, alters or adds to or takes from the powers of taxation by the original act, or by the amendments thereto. It is true the corporate authorities appointed, under the act of 1881, by the Governor, are clothed with the same duties, and exercise the same powers, as the corporate authorities appointed by the circuit court of Cook county under the act of 1869; but that fact does not affect the question in the least. If they were not appointed in a mode to which the people of the district have given their assent, their appointment falls within the inhibition of the constitution. This is made apparent by the plain language of the court in *Hessler* v. *Drainage Commissioners*, 53 Ill. 105, where it is said: "By the term 'corporate authorities' must be understood those municipal officers who are either directly elected by the people, or appointed in some mode to which they have given their assent."

*The People* v. *Brislin*, 80 Ill. 423, has been cited by the defendant as an authority in his favor. In this case it is true that an amendment to the act of 1869, passed in 1871, enlarging the powers of the park commissioners, was sustained by the court. The proposition is not denied that the act of 1869 may be amended by the legislature,—the powers and duties of the park commissioners may be enlarged or curtailed; but while the act of 1871 enlarged the powers of the corporate authorities of the district, these powers were still left to be exercised by the corporate authorities appointed in a mode to which the people had given their assent, and hence the constitutional provision was not impaired by the

act. *Andrews* v. *The People,* 83 Ill. 530, also cited by the defendant, merely announces the same doctrine of the *Brislin case.* . Other cases have been cited, but it will not be necessary to refer to them here. We find none of them sustaining the position of defendant.

It may be said that the first section of the act of 1881, which prohibits any judge of the circuit court from appointing any park commissioner, may be valid, as a repeal of that portion of the act of 1869 which confers the power, although section 2, which authorizes the Governor to appoint, may be unconstitutional. That question is not directly presented by the record, as the defendant, Cornell, claims title to the office under an appointment made by the Governor under section 2 of the act. We deem it, however, proper to state, that it is apparent that the two sections of the act, when read together, were intended to accomplish but a single object,—that is, a change in the mode of appointment of park commissioners. When such is the case, although one section may be good and the other bad, both must fall together. (*Hinze* v. *The People, supra.*) If, however, a statute attempts to accomplish two or more objects, and is void as to one, it may still be in every respect valid as to the other. But such is not the statute in question. As the two sections were intended to accomplish but a single object, section 1 must be held bad, as well as section 2, and the two sections of the act must fall together.

The judgment of the Superior Court will be affirmed.

*Judgment affirmed.*