(No. 28341.—

THE PEOPLE ex rel. Dan E. Bergan, County Collector, Appellee, vs. NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed March 21, 1945.*

31

EVA L. MINOR, of Kankakee, for appellant.

JOSEPH J. TOLSON, State's Attorney, WAYNE H. DYER, and DONALD GRAY, all of Kankakee, for appellee.

Mr. CHIEF JUSTICE FULTON delivered the opinion of the court:

Appellant seeks to reverse the judgment of the county court of Kankakee county overruling its objections to the tax levy made for the year 1942, for non-high school district taxes in a non-high school district and for non-high school district taxes in certain territories detached from the non-high school district.

The case was tried upon a stipulation of facts, and, as an agreed case, was certified by the trial judge under Rule 48 of this court.

The following four questions were certified by the trial judge and are at issue herein: Question No. 1: Did the county clerk of Kankakee county have authority to

extend a rate of $1.17 for non-high school district tax, or is the rate which can be extended for said non-high school district limited by law to $1.00 on each one hundred dollars of assessed valuation? Question No. 2: Did the levy for non-high school bond purposes, as extended by the county clerk against the non-high school district at a rate of seventeen cents, against Detached Territory No. 3 at a rate of ten cents, and against Detached Territory No. 4 at a rate of eleven cents, violate the provisions of section 9 of article IX of the constitution of Illinois, which requires all taxes to be uniform in respect to persons and property within the jurisdiction of the body imposing the same? Question No. 3: Is section 94f of the School Law unconstitutional and void in so far as it undertakes to authorize a board of education of a non-high school district to recoup a part of a bonded indebtedness from a territory which has been detached from said district, and in attempting to authorize such board of education to levy a tax against property which is no longer in said non-high school district and the voters of which had no opportunity to vote on the proposition of issuing bonds for the funding of its debt? Question No. 4: Did the county court err in entering judgment against defendant's property for non-high school tax in the sum of $699.26 and against defendant's property in Detached Territories Nos. 3 and 4 for $29.75 and $36.96, respectively?

The county collector of Kankakee county on the first Monday of October, 1943, applied to the county court for a judgment against the railway company for nonpayment of taxes for the year 1942. The company filed objections to the levy against its property for the non-high school tax in the non-high school district, amounting to $699.26, and further objected to the tax in the sum of $29.74 in Detached Territory No. 3 and the tax in the sum of $36.96 in Detached Territory No. 4.

The agreed statement of facts recites that the certificate of levy for the non-high school tax for 1942 calls for taxes extended at the rate of one dollar for educational purposes and seventeen cents for the purpose of paying principal and interest requirements on certain bonds issued as hereinafter set forth. The rate extended for Detached Territory No. 3 for the purpose of paying the prorata share of said detached territory, computed in accordance with section 94e of the School Law (Ill. Rev. Stat. 1943, chap. 122, par. 102e) was ten cents on each one hundred dollars of assessed valuation, and a rate of eleven cents was extended for the same purpose against property in Detached Territory No. 4.

It further appears that as of March 15, 1941, various tracts of land, among which were Detached Territory No. 3 and Detached Territory No. 4, were detached from the non-high school district. Further, on March 31, 1941, the board of education for the non-high school district, acting under authority claimed by section 94d of the School Law, (Ill. Rev. Stat. 1943, chap. 122, par. 102d,) adopted a resolution providing for the issuance of $38,000 in funding bonds, for the purpose of satisfying unpaid tuition claims against the said non-high school district, which claims for tuition were incurred during the period commencing with the school year 1936-37 and ending with the school year 1939-40, during which latter period Detached Territories Nos. 3 and 4 were a part of the said non-high school district.

The proposition of the issuance of the bonds under section 94d was submitted to the voters of the non-high school district only, at a general election held April 12, 1941, which proposition was approved by a majority of the voters voting upon the resolution. The voters in the detached territories were given no oportunity to vote upon the issuance of the bonds.

Thereafter, the board of education certified to the county clerk the amount of money necessary to pay the bonds and accumulated interest, and in conformity with section 94d, the clerk extended an additional tax in the non-high school district of seventeen cents for the 1942 bond and interest requirements in the non-high school district, and further extended the rate of eleven cents per one hundred dollars valuation against property in Detached Territory No. 3, and the rate of ten cents per one hundred dollars valuation against property in Detached Territory No. 4, for the same purpose.

In his brief, the appellee confesses the validity of the objections to the tax in Detached Territory No. 3 in the sum of $29.74 and in Detached Territory No. 4 in the sum of $36.96, on the ground that rules laid down for establishing the necessary tax rate in recoupment cases in the detached territories were not followed.

Among other objections, the appellant contends that section 94f of the School Law (Ill. Rev. Stat. 1943, chap. 122, par. 102f,) is unconstitutional and void. We shall first consider this proposition.

Both section 94e, (Ill. Rev. Stat. 1943, chap. 122, par, 102e,) added by amendment in 1937, and section 94f, (Ill. Rev. Stat. 1943, chap. 122, par. 102f,) added by amendment in 1939, have been considered recently by this court. (*People ex rel. Hagler* v. *Chicago, Burlington & Quincy Railroad Co.* 380 Ill. 120.) The objecting tax-payers, however, specifically waived any constitutional attack upon section 94f on the basic proposition that it undertook to authorize a board of education of a non-high school district "to recoup" a part of the bonded indebtedness from a detached area. In view of this waiver, we considered the case apart from any question of constitutionality. The question involved here and the points raised squarely involve the constitutional validity of section 94f

for the first time. Our first consideration, therefore, will be devoted to question No. 3, as certified by the county judge.

Section 94e of the School Law provides that a territory detached from a non-high school district should still be liable for indebtedness of the non-high school district incurred during the time the detached territory was a part of the non-high school district. This section also provides for the filing of a map with the county clerk showing the territory embraced in the district, both before and after the detachment proceedings, and a certification of the amount of the indebtedness owed at the time the boundaries were changed. It also provides that the board of education of the non-high school district should determine and certify to the county clerk the amount of tax required to pay the indebtedness, and, thereupon, the clerk is directed to extend a rate of tax upon all of the territory originally within the non-high school district.

Section 94f of the School Law applies to a non-high school district which has lost a part of its territory through detachment proceedings, and, subsequently, issues bonds for the payment of an indebtedness existing prior to the detachment and levies a tax to pay the principal and interest of the bonds as they become due. This section, which expired by its terms on July 1, 1941, made it the duty of the board of education of the non-high school district to recoup from the detached territory a proportionate amount of the tax required to pay the principal and accrued interest on the bonded indebtedness. It is to be noted that as far as the tax on the detached territory is concerned, section 94f provides that the tax may be levied in one year or more than one year as the board of education shall determine. The board of education is directed to ascertain the value, as fixed by the last assessment for State and county taxes previous to the detach-

ment proceedings, of the taxable property in the territory so detached, and the value of the taxable property of the district as it existed immediately prior to the detachment, and then allocate to the detached territory a portion of the total obligations equivalent to the ratio that such value of the detached territory bears to the value of the entire district as it existed before the detachment. There is a provision that once this allocation has been determined, the board shall place on file for public inspection in the office of the secretary of the board a statement thereof, and shall publish a notice stating the time and place for hearing objections to the allocation or shall post a notice thereof in ten public places in the district. The act further provides that the board shall meet and proceed to hear any objections to the allocation and shall make any necessary corrections. At the conclusion of the hearing, the board shall confirm such allocation as the same may have been corrected, and, thereupon, such allocation shall become final except for fraud, and no appeal therefrom shall be allowed except as may be permitted by the constitution of the State of Illinois or of the United States.

Appellant contends that the above section of the School Law is unconstitutional because, among other things, it is contended, the act contravenes section 9 of article IX of the constitution of 1870. Section 9 of article IX of our constitution is as follows: "The General Assembly may vest the corporate authorities of cities, towns and villages with power to make local improvements by special assessment or by special taxation of contiguous property or otherwise. For all other corporate purposes, all municipal corporations may be vested with authority to assess and collect taxes; but such taxes shall be uniform with respect to persons and property, within the jurisdiction of the body imposing the same."

The provisions of said section 9 of the constitution of 1870, or a similar section of the constitution of 1848,

have been frequently considered by this court. (*Updike* v. *Wright*, 81 Ill. 49; *Cornell* v. *People ex rel. Walsh*, 107 Ill. 372; *Wetherell* v. *Devine*, 116 Ill. 631; *Givins* v. *City of Chicago*, 188 Ill. 348, and others.) The import of these cases and later cases following the earlier authorities is clearly and adequately stated by Justice Magruder in *Wetherell* v. *Devine*, 116 Ill. 631, at page 635, when he says: "The decisions in these cases lay down three propositions, as clearly deducible from the sections here quoted: First, the General Assembly can not grant the right to assess and collect taxes to any other than the corporate authorities of the municipalities or districts to be taxed; second, taxation by such municipal or corporate authorities must be for corporate purposes; and third, such taxation can not be imposed without the consent of the taxpayers to be affected."

In the light of the foregoing, does section 94f meet constitutional requirements? We think not. The power of the board of education to levy taxes is statutory. The language granting the power should be strictly construed and not extended beyond the import of the words used. (*People ex rel. Smith* v. *Wabash Railway Co.* 374 Ill. 165.) We are of the opinion that after the detachment proceedings had been completed, the board of education of the non-high school district was not a corporate authority of the detached territory. We are further of the opinion that the taxes levied by the non-high school board of education against the detached territories were not for corporate purposes as far as the detached territories were concerned.

Section 94f, in our opinion, totally fails to meet the third test laid down in *Wetherell* v. *Devine*, 116 Ill. 631, namely, that taxation may not be imposed without the consent of the taxpayers to be affected. This rule was very clearly established in the case of *Cornell* v. *People*, 107 Ill. 372. It is to be noted that at no time in any of the proceedings leading up to the ultimate imposition of the tax

were the taxpayers of the detached territories given an opportunity, nor could they be under the legislation here in question, to vote on the question. Further, the taxpayers in the detached territories had no voice in the choosing of the board of education of the non-high school district.

In the view which we take of this case, it is unnecessary to consider the other objections to section 94f raised by the appellant.

The next point for our consideration is raised by question No. 1 certified by the county judge, namely, did the county clerk of Kankakee county have authority to extend a rate of the non-high school district tax in excess of one dollar? We believe that he did have such authority. Section 94d of the School Law (Ill. Rev. Stat. 1943, chap. 122, par. 102d,) clearly authorizes the issuance of special funding bonds for the payment of unpaid tuition and other claims. It also provides a method for extending taxes against all of the taxable property contained in the non-high school district sufficient to pay the maturing principal and interest on such bonds without limitation as to rate or amount, and in addition to and in excess of any other taxes. It was passed for the express purpose of issuing bonds to pay unpaid tuition claims and judgments. It is wholly separate and unrelated to section 94, and we do not deem that the amendment to the latter section in 1941 either affected or changed the authority expressly given in 94d to levy the additional tax. The record here indicates that all statutory steps were taken and all requirements satisfied. The appellant cites *People v. Wabash Railway Co.* 374 Ill. 165; *People ex rel. Graff v. Wabash Railway Co.* 286 Ill. 15, and *People ex rel. Vaughan v. Thompson,* 377 Ill. 244. None of these cases are authority for the proposition urged.

We next consider question No. 2 as certified by the county judge. The contention of the appellant is that the uniformity provision of section 9 of article IX of our constitution is violated because there was extended in the non-high school district a tax at the rate of seventeen cents, in Detached Territory No. 3 at the rate of ten cents, and in Detached Territory No. 4 at the rate of eleven cents. Under the holding in this case that the attempted extension of the tax to the two detached territories is void as in violation of section 9 of article IX of the constitution, the question of lack of uniformity between the detached territories and the non-high school district does not arise. In other words, since the attempted extension of the rates in the detached territories is void and of no effect, there is left only the one extension of a rate of $1.17 for the non-high school district. Obviously, this single rate of $1.17 for a non-high school district, being the only valid tax extended, is uniform.

We hold, therefore, that the county court was not in error in entering judgment against defendant's property for the non-high school district tax in the sum of $699.26, and the objection to that portion of the tax was properly overruled. It is conceded, and we hold, that defendant's objections to the tax against its property in Detached Territory No. 3 in the sum $29.74, and Detached Territory No. 4 in the amount of $36.96, should have been sustained. For the reasons given, the judgment is reversed and the cause remanded to the county court of Kankakee county with directions to enter a judgment in accordance with the views expressed.

*Reversed and remanded, with directions.*