MICHAEL J. HILL, Plaintiff-Appellant, *v.* JACKSON PARK HOSPITAL, Defendant-Appellee.

First District (4th Division)  No. 61670

Opinion filed May 26, 1976.

Arthur R. Waddy, of Chicago, for appellant.

Hugh L. Moore, of Lord, Bissell & Brook, of Chicago, for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

The plaintiff, Michael J. Hill, appeals from a judgment of the Circuit Court of Cook County dismissing his complaint against the defendant, Jackson Park Hospital, for injuries allegedly incurred as a result of contracting serum blood hepatitis from a transfusion he received while a patient.

The issue on appeal is whether the statute which prohibits an action in strict tort liability resulting from the furnishing and using of human blood (Ill. Rev. Stat. 1975, ch. 91, par. 181 *et seq.*) violates the special or local law prohibition of article IV, section 13, of the Illinois Constitution of 1970, or violates the equal protection clauses of the Illinois and Federal constitutions.

Michael Hill alleged in his complaint filed on March 11, 1974, that he contracted serum hepatitis from the transfusion of defective and unreasonably dangerous blood while he was a patient at the Jackson Park Hospital in June of 1972. The defendant filed a motion to dismiss on April 11, 1974, stating the complaint failed to state a cause of action because actions of strict tort liability based on the transfusion of blood are barred by section 3 of the statute (Ill. Rev. Stat. 1975, ch. 91, par. 183). The court dismissed the complaint on December 26, 1974, and the plaintiff appeals from that judgment.

The challenged act was enacted in part as a result of the Illinois Supreme Court's decision in *Cunningham v. MacNeal Memorial Hospital*

(1970), 47 Ill. 2d 443. In that case an action was brought against a hospital by a patient who allegedly contracted serum hepatitis from defective blood supplied by the hospital for treatment of the patient's condition. The supreme court held the hospital was in the business of "selling blood" with respect to the applicability of the doctrine of strict tort liability. The court stated, "[W]e see no good reason for engrafting, *judicially*, an exception in [the hospitals'] favor onto the strict tort liability theory * * *." (Emphasis ours.) 47 Ill. 2d 443, 452.

The Illinois legislature then passed the challenged legislation, which provides in relevant part as follows:

"§1. Declaration of Public Policy.

* * * It is therefore the public policy of this State to promote the health and welfare of the people by limiting the legal liability arising out of such scientific procedures to instances of negligence or wilful misconduct.

[Pub. Act 77—184, §1, effective July 2, 1971.]

§2. Limitation of Liability.

The procuring, furnishing, donating, processing, distributing or using human whole blood, plasma, blood products, blood derivatives and products, corneas, bones or organs or other human tissue for the purpose of injecting, transfusing or transplanting any of them in the human body is declared for purposes of liability in tort or contract to be the rendition of a service by every person, firm or corporation participating therein, whether or not any remuneration is paid therefor, and is declared not to be a sale of any such items and no warranties of any kind or description nor strict tort liability shall be applicable thereto, except as provided in Section 3.

[Pub. Act 77—184, §2, effective July 2, 1971.]"

The plaintiff now contends that the statute violates the proscription against special or local laws contained in article IV, section 13, of the 1970 Illinois Constitution, which reads as follows:

"The General Assembly shall pass no special or local law when a general law is or can be made applicable. Whether a general law is or can be made applicable shall be a matter for judicial determination."

In the case of *Glass v. Ingalls Memorial Hospital* (1975), 32 Ill. App. 3d 237, on facts similar to those at bar, the court held specifically the blood legislation did not violate the constitutional prohibition against special legislation. In that case the court noted the imposition of legal liability without fault would have a chilling effect on the exercise of sound medical judgment and would restrict the availability of important knowledge, skill and materials. That finding was based on the unavailability of a test

to discover the presence of serum hepatitis virus in blood or other human organs. The absence of such a test has been cited by the courts of many other States as a justification for their refusal to impose strict tort liability on the distribution of blood.

In *Glass* the court quoted from *People ex rel. Vermilion County Conservation District v. Lenover* (1969), 43 Ill. 2d 209, 218, where the court found a legislative classification is "sustainable where founded upon a rational difference of situation or condition existing in persons or objects upon which the class rests, and where there is a reasonable basis for the classification in light of the objects and purposes to be accomplished" and then stated:

> "Furthermore, it is to be presumed that before enacting the instant classification, the legislature surveyed the conditions existing in the state and pursued the various means available to it but not available to the judiciary. [Citation.] We will not nullify a legislative classification merely on the ground that our judgment differs from that of the General Assembly [citation] for it is well established that the determination of what is in the public interest is primarily to be made by the legislature in the exercise of its police power." 32 Ill. App. 3d 237, 240.

■■ We believe the holding in *Glass* is dispositive of the issue here. The legislature has determined blood should be treated differently from drugs, surgical implements, food and other articles intended for use in the human body, apparently regarding it as unique because of the special and indispensable place it occupies in the practice of medicine. In the absence of contrary evidence we must presume the legislature had a rational basis for the law which is in the public interest.

■■ Similarly, a statute will not be construed as denying equal protection of the law under either the Federal or State constitutions unless the classifications complained of are arbitrary and not based upon a rational difference of condition or situation in relation to the legislative purpose. *Dandrige v. Williams* (1970), 397 U.S. 471, 25 L. Ed. 2d 491, 90 S. Ct. 1153; *Williamson v. Lee Optical of Oklahoma, Inc.* (1955), 348 U.S. 483, 99 L. Ed. 563, 75 S. Ct. 461; *People ex rel. City of Salem v. McMackin* (1972), 53 Ill. 2d 347; *Tometz v. Board of Education* (1968), 39 Ill. 2d 593.

For these reasons, the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

ADESKO and BURMAN, JJ., concur.