THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* TOMMIE LEE WARFIELD, Defendant-Appellant.

(No. 59894;

First District (3rd Division)—February 20, 1975.

James J. Doherty, Public Defender, of Chicago (Robert P. Isaacson, Assistant Public Defender, and Frederick F. Cohn, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Patrick T. Driscoll, Jr., and John F. Brennan, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Defendant, Tommie Lee Warfield, was charged with unlawful use of weapons in violation of section 24—1(a)(10) of the Criminal Code (Ill. Rev. Stat., ch. 38, par. 24—1(a)(10)); failure to register a firearm in violation of Chicago, Illinois, Municipal Code, chapter 11, section 1—7; and failure to possess a firearm owner's identification card in violation of section 2 of "An Act relating to * * * firearms * * *" (Ill. Rev. Stat., ch. 38, par. 83—2). Defendant waived trial by jury and was found guilty of all three offenses. He was sentenced for 9 months to the House of Corrections on the first and third offenses, the sentences to run concurrently, and was fined $100 on the second offense, the fine suspended for time served. Defendant now appeals.

On appeal the only issue raised by the defendant concerns the constitutionality of section 24—1(a)(10) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10)). Defendant contends that said statute is unconstitutional because (1) it violates article IV, section 13 of the Illinois Constitution, and (2) it violates the equal protection clause of the United States Constitution.

The State contends (1) that said statute violates neither article IV, section 13, of the Illinois Constitution nor the equal protection clause of the United States Constitution; (2) that the defendant waived these constitutional objections because he raises them for the first time on appeal; and (3) that the defendant lacks standing to challenge the constitutionality of the statute.

We affirm.

Section 24—1(a)(10) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10)) reads as follows:

"§ 24—1. Unlawful Use of Weapons.

(a) A person commits the offense of unlawful use of weapons when he knowingly:

\* \* \*

(10) Carries or possesses in a vehicle or on or about his person within the corporate limits of a city, village or incorporated town, except when on his land or in his own abode or fixed place of business, any loaded pistol, revolver or other firearm."

Defendant, in support of his argument concerning the unconstitutionality of the above statute argues that the Illinois Legislature, by providing protection for those within the boundaries of a city, village, or incorporated town, apparently used population density as a basis for classification; that there are numerous unincorporated areas more densely populated than incorporated areas; and that, therefore, the statute is without a reasonable or rational basis. Defendant does not dispute the fact that both the crime rate and the population density are greater in the incorporated areas, taken as a whole, than in the unincorporated areas, taken as a whole.

Defendant also contends that no reasonable or rational basis exists for excluding any area in Illinois from the coverage of the above statute and that the mere technicality of incorporation should not form the basis for gun-control legislation.

This court has already considered the constitutionality of section 24—1 (a)(10) (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10)) in *People v. Graves* (1974), 23 Ill.App.3d 762, 320 N.E.2d 95. In *Graves*, the Illinois Appellate Court specifically rejected the contentions that the statute violated article IV, section 13 of the Illinois Constitution and the equal protection clause of the United States Constitution and held the statute to be constitutional.

■■ In considering whether or not the statute violated article IV, section 13, of the Illinois Constitution, the court in *Graves*, citing *Bridgewater v. Hotz* (1973), 51 Ill.2d 103, 281 N.E.2d 317, determined that there is no violation if the purpose of the statute is legitimate and the distinction rational. In determining that the purpose of the statute was legitimate and the distinction between incorporated and unincorporated areas was rational, the court in *Graves* stated as follows:

"It seems obvious that the object and purpose of the statute in question here was to limit the availability of firearms in the more populated areas of the state. Pursuant to its police powers, the State has a valid interest in controlling crime within its borders, and we think that the limitations on the right to carry or possess

guns fulfills a valid State purpose in controlling the incidence of their use in the commission of crimes.

Likewise, the distinction in the statute between incorporated and unincorporated areas appears to be a rational one. On the whole, incorporated areas, be they cities, villages or towns, are much more densely populated than unincorporated areas. Furthermore, there seems to be a rational distinction between the crime rates in the more largely populated areas than in less populous areas. * * *" 23 Ill.App.3d 762, 767, 320 N.E.2d 95, 99.

Defendant does not question the fact that the State has a legitimate interest in gun control and further admits that, on the whole, crime rates in incorporated areas are higher than those in unincorporated areas. The latter fact is supported by crime statistics published by the Illinois Department of Law Enforcement entitled "Crime in Illinois, 1972" which indicates that the crime rate in incorporated areas is more than twice that in unincorporated areas.

In rejecting the contention that section 24—1(a)(10) (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10)) violates article IV, section 13, of the Illinois Constitution, the court in *Graves* went on to say:

"In view thereof, we feel that the legislature's expression here of the difference in terms of 'incorporated' as opposed to 'unincorporated' areas was not arbitrary. Whether expressed as 'ruralurban' or in terms of distance from urban areas or in terms of incorporated areas as opposed to unincorporated areas, a distinction in crime rates does exist. The expression of this distinction is a matter for the legislature, and its classifications need not be logical, harmonious, scientific or even accurate provided they will accomplish the legislative design and are not arbitrary. (*People ex rel. City of Salem v. McMackin*, 53 Ill.2d 347, 364, 291 N.E.2d 807; *People ex rel. Vermilion County Conservation District v. Lenover*, 43 Ill.2d 209, 251 N.E.2d 175.) Here, we believe that there is a 'rational difference of situation' and a 'reasonable basis for the classification in view of the objects and purposes to be accomplished,' as required by *Bridgewater*, supra. We reject defendant's contention that the statute was in violation of article IV, section 13 of the Illinois Constitution." 23 Ill.App.3d 762, 768, 320 N.E.2d 95, 100.

■■ Furthermore, we adopt the reasoning in *Graves, supra*, that because the challenged statute does not violate the special legislation prohibition of article IV, section 13, of the Illinois Constitution and because the *Rodriquez* exceptions (see *San Antonio Independent School*

*District v. Rodriquez* (1973), 411 U.S. 1, 61) are absent, the challenged statute satisfies the equal protection requirements.

Having ruled that the statute is constitutional, we see no necessity for considering the State's contentions that defendant waived his constitutional objections because he raises them for the first time on appeal and that defendant lacks standing to challenge the constitutionality of the statute.

For the reasons above stated, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

McNAMARA and MEJDA, JJ., concur.