THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* AMOS WILKES, Defendant-Appellant.

(No. 60105;

First District (1st Division)—September 2, 1975.

James J. Doherty, Public Defender, of Chicago (William D. Trude, Robert Isaacson, and Edmond B. Moran, Jr., Assistant Public Defenders, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Donald M. Devlin, and Kevin Sweeney, Assistant State's Attorneys, of counsel), for the People.

Mr. PRESIDING JUSTICE BURKE delivered the opinion of the court:

Amos Wilkes was charged with unlawful use of weapons in violation of section 24—1(a)(10) of the Criminal Code (Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10)); failure to register a firearm in violation of Chicago, Illinois, Municipal Code, chapter 11.1, section 7; and failure to possess a firearm owner's identification in violation of section 2 of "An act relating to the acquisition, possession and transfer of firearms and firearm amunition * * *" (Ill. Rev. Stat. 1973, ch. 38, par. 83—2). Defendant was found guilty at a bench trial of both State charges and was sentenced to 90 days in the House of Correction. The issues raised on appeal relate only to the unlawful use of weapons statute, section 24—1(a)(10) of the Criminal Code, which reads:

"(a)   A person commits the offense of unlawful use of weapons when he knowingly:

* * *

(10)   Carries or possesses in a vehicle or on or about his person within the corporate limits of a city, village or incorporated town, except when on his land or in his own abode or fixed place of business, any loaded pistol, revolver or other firearm." Ill. Rev. Stat. 1973, ch. 38, par. 24—1(a)(10).

Defendant contends on appeal that: (1) five live bullets and one empty casing for a .22-caliber revolver were improperly admitted into evidence without sufficient foundation; and (2) section 24—1(a)(10) violates article IV, section 13 of the Illinois Constitution.

The State's only witness at trial was Officer Craig Olson of the Forest Park Police Department. Olson testified that on November 16, 1973, at approximately 5:15 p.m., he observed Wilkes scuffling with another man on the sidewalk near the address of 2140 South Pulaski in Chicago. Dusk was approaching and the street lights were illuminated. Wilkes displayed a revolver and fired one shot at the other individual, whose name was reported by Olson to be Walter Polch. Olson approached Wilkes, identified himself as a police officer, and ordered Wilkes to drop the revolver. Olson recovered a .22-caliber blue-steel, two-inch-barrel revolver holding five live shells and an empty casing. The defendant was held in custody by Olson until the Chicago Police arrived. Walter Polch refused to sign a complaint against Wilkes.

The revolver, the five live bullets, and the one empty casing were admitted into evidence. Olson positively identified the revolver as the same one in defendant's possession on the basis of the serial number and his own initials, which Olson had inscribed on the revolver's handle.

Olson further testified that the five live bullets and the empty casing were the same ones recovered from the defendant.

The revolver, the live bullets, and the empty casing were inventoried with the Chicago Police Department by Olson under the number 153679. The revolver was placed in a sealed plastic bag. Although Olson's testimony is ambiguous, the record indicates that the five live bullets and the one empty casing were handled in a similar manner. The inventory was signed by Olson. Before trial, Olson obtained the revolver, the live bullets, and the empty casing from the Chicago Police Department as part of the same inventory he made on the date of the occurrence. Olson testified that the weapon and the cartridges remained unchanged. After examining the inventory the court admitted the live bullets and the empty casing into evidence over defendant's objection.

Defendant testified that he and an acquaintance named Earl were walking peaceably on Pulaski when approached by Olson. Earl then threw a revolver into a side alley without being noticed. Olson permitted Earl to leave, but detained Wilkes until the Chicago Police arrived. A search of the area uncovered the revolver. Wilkes denied possessing or discharging the revolver.

Defendant's first contention is that Olson's identification of the five live bullets and one empty casing was based upon an improper foundation. The defendant argues that the State failed to establish a continuity of possession by not accounting for the control of the five live bullets and one empty casing during the time the Chicago Police Department held the items for trial. Defendant suggests that the five live bullets and one empty casing presented in court may not have been the same ones taken from the defendant.

■■ The record provides sufficient evidence to demonstrate the integrity of the five live bullets and the one empty casing. Olson inventoried the bullets with the Chicago Police Department. He retrieved them on the date of trial under an inventory bearing his signature. We believe that the trial court could properly conclude from Olson's testimony that the bullets were placed in a sealed property bag exactly as the defendant's revolver had been sealed. Olson unequivocally identified the five live bullets and the empty casing as the same taken from the defendant. Moreover, no laboratory tests were performed on the bullets or the empty casing to suggest a break in custody. Everything in the record points to continuous, sealed custody of the bullets and the casing without indication of tampering, alteration, or substitution. Under these circumstances speculation that other people may have had access to the bullets and the casing does not affect their admissibility. We find no fatal defect in the chain of possession. *People v. Washington,* 41 Ill.2d 16, 241 N.E.2d

425; *People v. Hines*, 131 Ill.App.2d 638, 267 N.E.2d 693; *People v. Belousek*, 110 Ill.App.2d 442, 249 N.E.2d 693; *People v. Appleton*, 1 Ill.App.3d 9, 272 N.E.2d 397.

Defendant's second contention is that section 24—1(a)(10) of the Criminal Code violates article IV, section 13 of the Illinois Constitution because it fails to provide protection for the unincorporated areas and thus constitutes "special" legislation favoring incorporated areas. Article IV, section 13 of the Illinois Constitution provides:

> "The General Assembly shall pass no special or local law when a general law is or can be made applicable. Whether a general law is or can be made applicable shall be a matter for judicial determination."

■■ This court has already held that section 24—1(a)(10) does not constitute a denial of equal protection, nor does it violate article IV, section 13 of the Illinois Constitution. (*People v. Graves*, 23 Ill.App.3d 762, 320 N.E.2d 95; *People v. Warfield*, 26 Ill.App.3d 772, 326 N.E.2d 211; *People v. Norals*, 24 Ill.App.3d 790, 321 N.E.2d 397 (abstract opinion).) The reasoning adopted in our previous decisions is persuasive. The State may validly impose limitations on the right to carry or possess arms in order to further its interest in controlling crime. The distinction in section 24—1(a)(10) between incorporated and unincorporated areas rests upon a rational basis. The *Graves* and *Warfield* decisions point to documentation which demonstrates that crime rates are higher in "urban" or more densely populated areas than in less populous areas. Census data from 1970 shows that of the 383 cities or towns of over 2,500 population in Illinois, 370 are incorporated municipalities. Only three unincorporated areas in Illinois have over 10,000 in population.[1] The legislature's distinction between incorporated and unincorporated areas reflects a rational differentiation between areas of higher and lower crime rates. A legislative classification does not have to be precisely accurate or scientific to be free from arbitrariness. In view of the State's legitimate purpose of controlling the incidence of firearm use in the commission of crime, we do not find the distinction in section 24—1(a)(10) of the Criminal Code violative of article IV, section 13 of the Illinois Constitution.

The judgment is affirmed.

Judgment affirmed.

EGAN and SIMON, JJ., concur.

---

[1] Taken from the book, *Number of Inhabitants: U.S. Summary* (1970), United States Department of Commerce.